**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AMADOU WANE, MERLANDE WANE

    Plaintiffs,

vs.                                                  Case No: 8:11-cv-2126-VMC-AEP

THE LOAN CORPORATION,
BANKUNITED FSB, BANKUNITED

    Defendants.

_____/

**FDIC'S MOTION TO DISMISS**
**AND MEMORANDUM IN SUPPORT**

The Federal Deposit Insurance Corporation, in its capacity as receiver for BankUnited FSB (the "FDIC as Receiver"), moves to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and submits this memorandum in support of its motion.

**I.    INTRODUCTION**

The appointment of the FDIC as receiver for BankUnited FSB ("Old BU") caused fundamental changes to any case pending against Old BU, as well as to any potential claims then pending against the failed bank. *See FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 134 (3d Cir. 1991) ("the world changes when a bank goes into receivership"). In the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989) ("FIRREA"), Congress expressly limited FDIC's liability as receiver for a failed financial institution, such as Old BU, to the assets of the receivership estate. Moreover, Congress established classes of priority for paying the creditors of the failed financial institution in receivership. In particular, general unsecured creditors may receive payment only after all other claimants in a higher class of priority have been paid in full.

In November 2010, the FDIC, by its board of directors, made a formal and binding "Determination that Insufficient Assets Exist to Make Distribution on General Unsecured Claims" (hereinafter "no-value determination"), that is to say that the Old BU receivership estate contains insufficient assets to pay the claims of any general unsecured creditors of Old BU and that such claims therefore have no value.

Plaintiffs, Amadou and Merlande Wane ("Plaintiffs"), are alleged general unsecured creditors of Old BU. Consequently, even if Plaintiffs were ultimately to prevail on the merits of their claim against the FDIC as Receiver in this case, Plaintiffs cannot obtain *any* relief from the FDIC as Receiver. It is well settled that, where a court cannot provide meaningful relief to a claimant in a particular case, the action fails to present a justiciable case or controversy, as required by Article III of the United States Constitution. Thus, under these exact circumstances, based on worthlessness determinations made by the FDIC or its predecessors, courts have uniformly dismissed claims such as Plaintiffs' for lack of subject matter jurisdiction. Moreover, even if the Court were to find that Plaintiffs' claim presents some theoretical case or controversy, dismissal would still be compelled on prudential mootness grounds because continued litigation of a claim for which no recovery is possible is an exercise in futility.

In the end, the inescapable reality is that the closure of Old BU, and the lack of receivership assets to pay the claims of general unsecured creditors, has made any further litigation of Plaintiffs' claim against FDIC as Receiver an exercise in futility that would waste the time and energy of the parties and the Court. For that reason, the appropriate course of action is to immediately dismiss this case as to FDIC as Receiver on constitutional and prudential mootness grounds.

## II. BACKGROUND

### A. Plaintiffs' action against Old BU

On August 10, 2011, Plaintiffs instituted the present action against the FDIC as receiver by filing an amended complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. On August 15, 2011, Plaintiffs served the FDIC as a defendant.

Plaintiff alleges that the mortgage secured on the real property located at 14614 Canopy Drive, Tampa, Florida is invalid and unenforceable because it was rescinded on August 30, 2009 pursuant to TILA, 15 U.S.C § 1635, and Regulation Z, 12 C.F.R § 226.23, and because it was improperly notarized. Plaintiffs further allege that Old BU did not lend any money, and therefore, has no interest in the underlying mortgage. Plaintiffs contend that the mortgage remains unsatisfied of record and constitutes a cloud on Plaintiffs' title to the property.

### B. The appointment of the FDIC as receiver for Old BU

On May 21, 2009, the Office of Thrift Supervision ("OTS") closed Old BU and appointed the FDIC as receiver. *See* a true and correct copy of OTS Order No. 2009-30, attached hereto as Exhibit "A." The FDIC is authorized to accept appointment as receiver for any insured depository institution. *See* 12 U.S.C. § 1821(c). When the FDIC is so appointed, it succeeds to "all rights, titles, powers, and privileges of" the failed bank, and may "take over the assets of and operate" the bank with all the powers thereof. *Id.* at §§ 1821(d)(2)(A)(i), 1821(d)(2)(B)(i).

The order of priority for the payment of claims against the failed institution in receivership is set forth in 12 U.S.C. § 1821(d)(11)(A); administrative expenses of the receiver are paid first, followed by any deposit liabilities of the failed institution, and then general creditor claims. *See* 12 U.S.C. § 1821(d)(11)(A). Payments on claims within each priority class are made on a *pro rata* basis, but no payments may be made on claims in a lower-priority class

3

until all claims in the higher-priority class have been paid in full. Thus, unless there are sufficient receivership assets to pay deposit liabilities in full, Congress has prohibited the receiver from making any distribution on claims to general creditors.

Congress has also mandated that the "maximum liability" of the FDIC to any creditor of a failed institution in receivership is limited to the amount that the creditor would have received upon liquidation of the failed institution. *See* 12 U.S.C. § 1821(i)(2). Thus, once it is determined that the assets of a failed institution in receivership are insufficient to make payment to claimants in accordance with the statutory priority of their claims, the claimants have no right to recover on their claims against the FDIC as Receiver, even if their claims are proved in full.

### C. The FDIC has determined that there are insufficient assets in the Old BU receivership to pay general creditor claims and that such claims therefore have no value.

In November 2010, the FDIC, by its board of directors, formally determined that the assets of Old BU were insufficient to make any distribution on claims of its general unsecured creditors and that, therefore, such claims have no value. As of March 31, 2009, Old BU reported a tangible capital ratio of -3.24 percent. See Order No. 2009-30, p. 4. In particular, as of June 30, 2010, the value of assets available for distribution by the Old BU receivership, together with all expected recovery sources, including recoveries on claims against directors, officers, and other professionals, claims in bankruptcy, and refunds of Federal and State taxes, was $4,321,339,716. As of the same date, administrative expenses and depositor liabilities equaled $8,120,876,686, exceeding available assets by $3,799,536,970. Because the Old BU Receivership has insufficient assets to satisfy even deposit liabilities, there are plainly no assets available for distribution to Old BU's general creditors. Accordingly, such claims have no value.

On November 18, 2009, the FDIC published a notice of the no-value determination concerning Old BU in the Federal Register (*see* 74 Fed. Reg. 59540), and the FDIC has provided

4

notice by mail to all general unsecured creditors, including Plaintiffs, that their claims have no value.

## III. ARGUMENT

### A. The FDIC's no-value determination means that there is no possibility of Plaintiffs ever recovering from FDIC as Receiver on their claim.

As a matter of law, Plaintiffs are only entitled to recover from FDIC as Receiver the amount they would have received upon Old BU's liquidation. *See* 12 U.S.C. § 1821(i)(2). The FDIC's no-value determination conclusively establishes that there are insufficient assets in the Old BU Receivership estate to make any distribution to Old BU's general creditors, including Plaintiffs. Because there is no longer any circumstance under which this action could remedy the harm about which Plaintiffs complain — even if Plaintiffs were to prevail on the merits — the action has become moot and must be dismissed for lack of subject matter jurisdiction.

#### 1. FDIC as Receiver's liability is limited to the assets of the Old BU receivership estate.

The FDIC as Receiver's liability to any creditor of Old BU is strictly limited by law to the amount such creditor would have received had the institution been liquidated:

> Maximum liability
>
> The maximum liability of the Corporation, acting as receiver or in any other capacity, to any person having a claim against the receiver or the insured depository institution for which such receiver is appointed shall equal the amount such claimant would have received if the Corporation had liquidated the assets and liabilities of such institution . . . .

12 U.S.C. § 1821(i)(2). "In enacting FIRREA, Congress unequivocally expressed its intent to limit the maximum liability of the FDIC to the amount the claimant would have received in a liquidation under federal priority regulations." *First Indiana Fed. Sav. Bank v. FDIC*, 964 F.2d 503, 507 (5th 1992). This limitation reflects Congress' policy judgment that creditors of a failed

5

depository institution should "look only to the assets of the institution for recovery of their losses, and not to the taxpayers." *Id.* Where there are insufficient receivership assets to satisfy general creditors' claims, section 1821(i)(2) mandates that general creditors receive nothing. *Id.*; *see also McNeily v. United States*, 839 F. Supp. 426, 429 (N.D. Tex. 1992) ("The case law clearly establishes the assets used to satisfy creditors are limited to those that would have been available had the institution been liquidated. Any judgment that the plaintiff could obtain against the FDIC as Receiver must be satisfied, if at all, from the receivership estate itself").

### 2. The FDIC's no-value determination establishes that there are no assets in the Old BU receivership estate to satisfy Plaintiffs' general creditor claim.

The FDIC has formally determined that general creditor claims upon the assets of the Old BU receivership estate have no value because there are insufficient assets in the Old BU receivership estate to make any payments to any general creditors, including Plaintiffs. Thus, Plaintiffs can recover nothing from FDIC as Receiver because there are not, and never will be, sufficient assets to pay any claim below the administrative expense priority level. *See, e.g., First Indiana*, 964 F.2d at 507 ("[T]here are no set of circumstances under which [plaintiff] can recover any money or property [from the Receivership estate] as a result of [unsecured] claims"); *AmWest Sav. Ass'n v. Farmers Market of Odessa*, 753 F. Supp. 1339, 1346 (W.D. Tex. 1990) (following worthlessness determination, "no possibility exists the FDIC will ever recover any funds in the future which would be available for distribution to unsecured creditors"). Even if Plaintiffs were to prevail against the FDIC as Receiver in this action, they would remain general unsecured creditors of the Old BU receivership estate and "would not be entitled to any recovery." *Village S. Joint Venture v. FDIC*, 733 F. Supp. 50, 51 (N.D. Tex. 1990); *see also, e.g., FDIC v. Kooyomjian*, 220 F.3d 10, 15 (1st Cir. 2000) (court properly granted summary judgment where FDIC's worthlessness determination "precludes any relief for [claimants] even

i[f] they were successful . . . and obtained favorable judgment"); *Adams v. RTC*, 927 F.2d 348, 354 (8th Cir. 1991) (affirming dismissal on prudential mootness grounds, because in light of Bank Board worthlessness determination, FSLIC "will never have any assets with which to satisfy" a judgment); *Tinoco v. IndyMac F.S.B., et al.*, No. 09-CV-06174 JFW (JCx) (C.D.Cal. Feb. 5, 2010) ("Due to the FDIC's worthlessness determination, Plaintiffs' alleged claims for monetary relief cannot be redressed by a favorable judicial decision. If Plaintiffs were to succeed on any of their claims for monetary relief, the FDIC as Receiver would simply have no assets to satisfy a judgment"); *Tam, et al. v. FDIC*, No. 08-CV-06458 MMM (AJWx) (C.D. Cal. Jan. 27, 2010) ("'Irrespective of the abstract validity of any of [plaintiffs'] claims against [Old BU], there are no set of circumstances under which [plaintiffs] can recover any money or property as a result of those claims,'" quoting *First Indiana Fed. Sav. Bank v. FDIC*, 964 F. 2d 503, 507 (5th Cir. 1992).

The FDIC's no-value determination establishes the value of Plaintiffs' general unsecured claims upon the assets of the Old BU receivership. *See First Indiana*, 964 F.2d at 506 n.7; *see also, e.g., 208-300 Joint Venture v. Onion*, 938 F.2d 35, 38 (5th Cir. 1991) (worthlessness determination is "sufficient evidence to demonstrate that [receivership estate] will never have any assets to satisfy a judgment against it"). If this were not the case, the FDIC receiver could be "saddl[ed] . . . with multiple determinations of the 'true' value of the failed institution's assets and liabilities." *Village S. Joint Venture*, 733 F. Supp. at 51-52.

### B. Because no effective relief can be granted to Plaintiffs, the Court lacks subject matter jurisdiction over Plaintiffs' claim.

Because no effective relief can be granted on Plaintiffs' claim against FDIC as Receiver, the claim is moot. Accordingly, Plaintiffs' claim should be dismissed for lack of subject-matter jurisdiction.

7

### 1. The Court's jurisdiction extends only to actual cases or controversies.

Article III of the United States Constitution grants federal courts jurisdiction to decide only actual "cases" or "controversies." *See* U.S. Const. art. III, § 2; *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005) (noting that it is "an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies"). This limited grant of jurisdiction bars federal courts from rendering "opinions upon moot questions or abstract principles of law which cannot affect the matter[s] in issue in the case[s] before [them]." *Church of Scientology of Calif. v. United States*, 506 U.S. 9, 12 (1992. "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983). The Constitution permits courts to decide only "actual controversies by [a] judgment which can be carried into effect." *Mills v. Green*, 159 U.S. 651, 653 (1895).

### 2. A "case" or "controversy" fails to exist where no effective relief can be granted.

A court "cannot take jurisdiction over a claim as to which no effective relief can be granted." *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir. 1984). Even when circumstances change after the filing of a lawsuit such that a court is no longer able to grant meaningful relief, the case is moot and must be dismissed for lack of subject-matter jurisdiction. *See, e.g, Iron Arrow*, 464 U.S. at 70-71, 73 (ordering dismissal of case as "moot" where "no resolution of the . . . dispute between the parties c[ould] redress" the plaintiff's claims); *see also id.* at 70 ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies").

Based on these principles, courts have consistently dismissed claims against the FDIC as receiver for lack of jurisdiction where, as here, the receivership estate has insufficient assets to

satisfy the claims against it. *See Heinrichs v. Valley View Dev.*, 474 F.3d 609, 615 (9th Cir. 2007) (dismissing for lack of subject matter jurisdiction claims against FDIC as Receiver where "[n]o assets remain[ed] in the receivership to satisfy [the plaintiffs'] claim, thus rendering the claim moot"); *Kooyomjian*, 220 F.3d at 15 (holding that claims against FDIC as receiver failed to satisfy Article III's case or controversy requirement where "[t]he FDIC's worthlessness determination . . . preclude[d] any meaningful relief for [claimants] even i[f] they were successful . . . and obtained favorable judgment"); *First Indiana*, 964 F.2d at 507 (worthless claims against receivership of savings association were not "susceptible of redress by any court" and were therefore moot claims that did not constitute case or controversy under Article III); *Adams*, 927 F.2d at 354 (worthless claim against receivership did not "satisfy the case or controversy requirement of Article III" because it was not "redressable by favorable judicial decision"); *Stevenson v. FSLIC*, 716 F. Supp. 981, 982 (S.D. Tex. 1989) (claim against receivership rendered moot by worthlessness determination because court could not grant effective relief).

This case should likewise be dismissed for lack of subject matter jurisdiction. As explained above, the Court can grant no relief to Plaintiffs that would redress the harm about which Plaintiffs complain, even if Plaintiffs prevail. Nor will there *ever* be any available relief. As the FDIC's no-value determination demonstrates, the Old BU receivership estate does not now, nor ever will, have sufficient assets to satisfy claims of general creditors, including Plaintiffs' claim. As in the cases cited above, because there is no possibility of Plaintiffs ever being able to recover against FDIC as Receiver, there is no actual case or controversy presented in this matter, and Plaintiffs' claim should be dismissed for lack of subject matter jurisdiction.

### C. Plaintiffs' claim should be dismissed on prudential mootness grounds because no practical relief can be granted.

Even if the Court determines that some theoretical case or controversy exists to permit subject matter jurisdiction over Plaintiffs' claim, the Court should still dismiss Plaintiffs' claim based on the doctrine of prudential mootness. Dismissal is plainly warranted on prudential mootness grounds where, as here, proceeding on the merits would serve no practical purpose, and would only waste judicial resources.

#### 1. Under the doctrine of prudential mootness, dismissal is warranted where proceeding on the merits would serve no practical purpose.

Where "common sense or equitable considerations" justify "a decision not to decide a case on the merits," a court may dismiss claims under the doctrine of prudential mootness, even if those claims are within the court's Article III jurisdiction. *In re AOV Indus., Inc..*, 792 F.2d 1140, 1147 (D.C. Cir. 1986); *see also Franks v. Bowman Transp. Co.*, 424 U.S. 747, 756 n.8 (1976) (court may refuse decision on merits of case "confessedly within [its] jurisdiction" where "policy rather than purely constitutional considerations" warrant dismissal on mootness grounds). Thus, "[e]ven if a court has jurisdiction under Article III to decide a case, prudential concerns may militate against the use of judicial power," and "the court should treat the case as moot for prudential reasons." *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005). Under the doctrine of prudential mootness, claims should be dismissed where "there is no practical purpose in requiring their adjudication on the merits." *First Indiana*, 964 F.2d at 507. Such circumstances exist if it would be impossible for the court to "grant relief that would affect the parties and redress the plaintiff's alleged wrongs." *Id.*; *see also In re Roberts Farms, Inc.*, 652 F.2d 793, 797 (9th Cir. 1981) (dismissing claim against bankruptcy estate on prudential mootness grounds where reorganization plan had been "so far implemented that it would be

10

impossible to fashion effective relief").

**2. Courts have routinely dismissed claims against the FDIC as receiver on prudential mootness grounds where there is no possibility of recovery from the receivership estate.**

Plaintiffs' claim should be dismissed on prudential mootness grounds because the claim is futile. There is no reason to further litigate Plaintiffs' claim against FDIC as Receiver because there is no possibility that Plaintiffs will obtain any recovery, even if they prevail on their claim. Under these identical circumstances, courts have routinely dismissed claims against the FDIC as receiver on prudential mootness grounds. *See, e.g., First Indiana*, 964 F.2d at 507 (holding that, even if worthless claims against FDIC as receiver "constitute a 'case or controversy' under Article III, those claims should be dismissed for prudential reasons because there is no practical purpose in requiring their adjudication on the merits"); *208-300 Joint Venture*, 938 F.2d at 38-39 (holding that dismissal of claims against the RTC as receiver was warranted "on prudential grounds" where it was determined that general-creditor claims against the receivership were worthless); *Adams*, 927 F.2d at 354 ("We agree with the district court's decision declaring the claim moot on prudential grounds because the Bank Board's determination that [the failed institution's] assets were insufficient to meet the claims of general creditors meant that the court could not grant subordinate debt holder [plaintiff] any effectual relief"). *See also Tinoco v. IndyMac F.S.B., et al.*, No. 09-CV-06174 JFW (JCx) (C.D.Cal. Feb. 5, 2010) ("Due to the FDIC's worthlessness determination, Plaintiff's alleged claims for monetary relief cannot be redressed by a favorable judicial decision."); *Tam, et al. v. FDIC*, No. 08-CV-06458 MMM (AJWx) (C.D. Cal. Jan. 27, 2010) (The district court found that the IndyMac receiverships had insufficient assets to pay general creditor claims and therefore dismissed the plaintiffs' claims on

grounds of prudential mootness).[1] These courts have recognized that, where adjudication on the merits "will never result" in the plaintiff obtaining the relief sought, "a trial on the merits would be a completely hollow act." *First Indiana*, 964 F.2d at 507.

In this case, as in *First Indiana*, a trial on the merits would be a "completely hollow act," wasting the time and resources of the parties and the Court. 964 F.2d at 507. This is not a case where a defendant simply lacks means *currently* to satisfy a judgment against it. Here, Plaintiffs will *never* be entitled to the relief they seek because Congress has limited FDIC as Receiver's liability to the assets of the Old BU receivership estate and there are no such assets with which to pay Plaintiffs. *See Adams*, 927 F.2d at 354 (distinguishing between cases where there is a possibility that the defendant will lack means to satisfy a judgment, which are not moot, and cases where the defendant "will *never* have any assets with which to satisfy a . . . judgment," which are moot) (emphasis in original). The prudential mootness doctrine is intended to permit courts to avoid wasting judicial resources on precisely the type of claim at issue here — a claim

---

[1] *Accord RTC v. Greenwood*, 798 F. Supp. 1391, 1399 (D. Minn. 1992) (striking indemnification defense against RTC as Receiver under "the doctrine of prudential mootness" where the receivership "had no assets to grant relief on"); *McNeily*, 839 F. Supp. at 429 ("[T]he Bank Board's determination of worthlessness evidences the impossibility of effective relief, and is sufficient to support dismissal on prudential mootness grounds."); *AmWest*, 753 F. Supp. at 1347 (dismissing claims against FDIC as Receiver where "there would never be any assets in the . . . receivership estate to satisfy any judgment" and thus, "even if [the court] were to enter judgment for money damages against the FDIC/Receiver, the judgment would never be collectible"); *Morgan v. Heights Sav. Assoc.*, 741 F. Supp. 620, 621 (E.D. Tex. 1990) (dismissing claims against FDIC as Receiver on grounds of prudential mootness where it was determined that general-creditor claims against the receivership were worthless); *Village S. Joint Venture*, 733 F. Supp. 50, 52 (dismissing claims against FDIC as Receiver where, "even if [plaintiff] were to obtain judgment in th[e] case, it would not be entitled to any recovery" because the receivership's "deposit and secured liabilities far exceed[ed] its assets"); *FDIC v. Browning*, 757 F. Supp. 772, 773 (N.D. Tex. 1989) (dismissing claims against FDIC as Receiver where the court could "not legally enter a judgment against the FDIC in favor of [plaintiff] for any amount of money damages"); *Stevenson*, 716 F. Supp. at 982 (dismissing claims against FSLIC as Receiver where "the failed institution's assets were insufficient to cover its liabilities to its secured creditors and depositors," and therefore "there [wa]s nothing for the plaintiff to recover").

for which no meaningful relief can possibly be granted.

Moreover, in addition to this action, FDIC as Receiver is currently defending against several other suits, in this district and throughout the country, in which general-creditor plaintiffs are attempting to recover from the Old BU receivership estate. Those plaintiffs, like Plaintiffs here, will be unable to recover any amounts from the receivership estate. *See FSLIC v. Locke*, 718 F. Supp. 573, 587 (W.D. Tex. 1989) (taking into account the "hundreds of [pending] lawsuits filed by claimants seeking to become unsecured creditors" in dismissing claims against the FSLIC as Receiver on prudential-mootness grounds). Just like in those cases, a resolution on the merits of this case would "require enormous expenditures of time and resources by all parties" as well as the Court, "but w[ould] serve no practical purpose." *Id.*; *see also Stevenson*, 716 F. Supp. at 982 ("[T]he benefits, if any, to be derived from adjudicating the plaintiff's worthless claims are greatly outweighed by the expense of litigation."). Judicial resources should not be wasted on the type of "gratuitous litigation" presented by this case. *Id.*

On January 25, 2011, in a similar action to this case, *Transwestern Great Lakes, L.P. v. FDIC*, the FDIC's motion to dismiss was granted, and the plaintiff's complaint was dismissed for lack of subject matter jurisdiction because the receivership estate had insufficient assets to satisfy the claims against it. The court analyzed that a judgment in light of a worthless determination is not meaningful relief.

Accordingly, even if this Court finds that it has subject matter jurisdiction over this case, Plaintiffs' claim should nonetheless be dismissed on prudential mootness grounds because the claim is futile.

## IV. CONCLUSION

For the foregoing reasons, FDIC as Receiver requests that its motion to dismiss be granted.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. Mail to Amadou Wane and Merlande Wane, 13046 Race Track Rd, #118, Tampa, FL 33626; and to Tracy Evans, Albertelli Law, P.O. Box 23028, Tampa, FL 33623, this 4th day of October, 2011.

JORYN JENKINS, ESQUIRE
Florida Bar Number 366072
LORI KAPALKO, ESQUIRE
Florida Bar Number 011961
JORYN JENKINS & ASSOCIATES
3839 West Kennedy Boulevard
Tampa, Florida 33609
Phone: 813/870-3839
Facsimile: 813/877-3839
Joryn@JorynJenkinsLaw.com

Counsel for Federal Deposit
Insurance Corporation