UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE, ET AL.,

    Plaintiffs,

v.                          Case No. 8:11-cv-2126-T-33AEP

THE LOAN CORPORATION, ET AL.,

    Defendants.
_____/

**ORDER REFERRING CASE TO MEDIATION AND DIRECTING**

**SELECTION OF A MEDIATOR**

Because of limited judicial resources available to try civil cases and given the nature of this proceeding, which suggests that mediation might benefit the parties and the Court, in accordance with the rules governing mediation set forth in Chapter Nine of the Local Rules of the Middle District of Florida, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. **Referral to Mediation**: This case is hereby referred to mediation in an attempt to achieve an equitable settlement of the issues. The parties shall immediately select a mediator from the Court's list of certified mediators, which is located on the Court's website. Lead Counsel (see paragraph 3) is directed to file with the Clerk of the Court, within **TWENTY Days** of the date of this Order, a *Notice of Selection of Mediator and Scheduling of Mediation* which (a) identifies the selected mediator and includes the mediator's complete address

and telephone number, and (b) sets forth the time, date, and place of the scheduled mediation. If the Court finds the selected mediator to be acceptable, the Court will issue an Order Appointing Mediator and Scheduling Mediation. However, if the parties fail to select a mediator or do not notify the Court of such selection in a timely fashion, the Court will <u>sua</u> <u>sponte</u> and without further notice select an individual to serve as mediator and issue the appointment.

2. **Scheduling Mediation Conference**: The mediation conference may be conducted at any time prior to **May 11, 2012**.

3. **Designation of Lead Counsel: Defendants' counsel** is designated as lead counsel and shall be responsible for working with the mediator and all other counsel, as well as any <u>pro</u> <u>se</u> parties, if applicable, to schedule the mediation conference within the window of time set forth in paragraph 2 above.

4. **General Rules Governing Mediation Conference**: Although the mediation process is defined in greater detail in Chapter Nine of the Local Rules of this Court, the following additional guidelines are hereby imposed:

(A) **Case Summaries**: Not later than 5 (five) working days prior to the mediation conference, each party shall mail or transmit by facsimile directly to the mediator, with copy to opposing counsel, a brief written summary of the facts and issues of the case. **Such**

**summaries shall be treated as confidential communications and shall NOT be incorporated into the public record of the case.**

(B) **Identification of Corporate and/or Claims Representatives**: As a part of the written case summaries, counsel for corporate parties and claims professionals shall state the name and general job description of the employee or agent of the corporation who will attend and participate on behalf of the corporate party. **Such representative must have full authority to settle the case.**

(C) **Authority of the Mediator**: The mediator shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate representatives, and claims professionals, so as to suggest alternatives, analyze issues, question perceptions, use logic, stimulate negotiations, and keep order.

(D) **Authority to Declare Impasse**: While an average mediation conference takes between three to five hours, participants shall be prepared to spend as much time as necessary in a good faith effort to settle the case or until an impasse is declared by the mediator.

(E) **Mediator's Report**: In order to avoid unnecessary expenditure of judicial resources with respect to pending motions, within five (5) days following the mediation conference, the mediator shall file with the Clerk of the Court a "Mediation Report" setting forth the results thereof.

5. **Compensation of the Mediator**: The mediator shall be compensated at the mediator's prevailing hourly rate, which, unless otherwise agreed to by counsel, shall be borne equally by all parties and payable immediately upon the conclusions of mediation. Upon motion of the prevailing party, the Mediator's compensation may be taxed as a cost in the instant action. The parties shall comply with any reasonable cancellation policy established by the mediator.

The parties are urged to take full advantage of this opportunity to amicably resolve the issues herein. Should mediation prove unsuccessful, the case shall remain on its present course for pretrial conference and trial.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of November 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record