UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE and MERLANDE WANE,

       Plaintiffs,

v.                        CASE NO. 8:11-cv-2126-T-33AEP

THE LOAN CORPORATION, THE FDIC
as Receiver of BankUnited FSB,
and BANKUNITED,

       Defendants.
_____/

## ORDER

This matter is before the Court pursuant to Plaintiffs'
Motion to Remand (Doc. # 6), filed on October 4, 2011, and the
FDIC's Response in Opposition (Doc. # 10), filed on November
1, 2011.  Also before the Court is the FDIC's Motion to Set
Aside Clerk's Default (Doc. # 11), filed on November 1, 2011,
and Plaintiffs' Response in Opposition (Doc. # 17), filed on
November 15, 2011. For the reasons that follow, the Court
denies Plaintiffs' Motion to Remand and grants the FDIC's
Motion to Set Aside Clerk's Default.

## I.  Background

In November 2010, Defendant BankUnited was closed by
order of the State of Florida Office of Financial Regulation,
and the FDIC was appointed as receiver for BankUnited. (Doc.
# 1 at ¶ 1).  The FDIC accepted the appointment as receiver
pursuant to 12 U.S.C. § 1821(c)(3)(A).

On August 10, 2011, pro se Plaintiffs initiated this action against BankUnited by filing an "Amended Complaint to Quiet Title" in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. (Doc. # 1 at ¶ 2; Doc. # 2).[1] Among other allegations, Plaintiffs alleged that their mortgage is invalid and unenforceable, has been rescinded, was not properly notarized, and is a cloud upon the title to Plaintiffs' property. (Doc. # 2). Plaintiffs served the FDIC as a Defendant on August 15, 2011. (Doc. # 1 at ¶ 3). On September 14, 2011, the clerk of the state court entered a clerk's default against the FDIC. (Doc. # 10 at 1). On or about September 16, 2011, the FDIC removed the case to this Court. (Doc. # 1).[2] The FDIC moves to set aside the state court clerk's default and Plaintiffs move to remand.

II. **Motion to Remand**

The FDIC has a statutory right to remove any case to

---

[1] Plaintiffs' original Complaint, dated March 19, 2010, sued only The Loan Corporation. (Doc. # 1-5 at 8).

[2] The time and date stamp on the Court's copy of the Notice of Removal is illegible. (Doc. # 1 at 1). The Notice of Removal was entered by the clerk's office on September 19, 2011, but that may not reflect the actual date that the Notice of Removal was filed. Because the Court's copy is illegible, the Court credits the FDIC with the assumption that it filed the Notice of Removal on September 16, 2011, the date that the FDIC represents that it filed the Notice of Removal.

which it is a party within 90 days of becoming a party pursuant to the Financial Institution Reform, Recovery and Enforcement Act of 1989. <u>See</u> 12 U.S.C. § 1819(b)(2)(B). Any civil action in which the FDIC is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A). The rules of unanimity do not apply when the FDIC removes an action from state court. <u>See</u> <u>Casey v. FDIC</u>, 583 F.3d 586, 591 (8th Cir. 2009)("The FDIC's authority to remove under the statute is unilateral: it does not depend upon the consent of other defendants. To read [into] § 1819(b)(2)(B) a requirement that all defendants join in the FDIC's motion for removal would undermine the broad removal power that the statute grants the FDIC.").

Here, the FDIC timely removed the action within 90 days of becoming a party to the state court action. In addition, the case arises under federal law because the FDIC is a party, and the requirement of unanimity is inapplicable. The Court is thus satisfied that removal was proper and denies the Motion to Remand.

### III. <u>Motion to Set Aside Clerk's Default</u>

On September 14, 2011, prior to the removal of this action, the state court entered a clerk's default against the FDIC. Removal was effected days later as described above.

3

The FDIC moves to set aside the clerk's default and includes the affidavit of Joryn Jenkins, Esq., counsel for the FDIC, explaining the circumstances of her delayed representation of the FDIC. (Doc. # 12).

Motions to set aside a clerk's default are governed by Rules 55(c) and 60(b), Fed.R.Civ.P. In determining whether to set aside a clerk's entry of default, courts generally consider the following factors: (1) whether the default is culpable or willful; (2) whether setting aside default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. <u>Compania Interamerica Export-Import, S.A. v. Compania Dominicana De Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996).

The Court determines that the default was not willful or culpable. Jenkins submits in her affidavit that she did not formally receive permission from the FDIC to file the Notice of Removal until about the time of the entry of the clerk's default. Specifically, Scott Fransen, Esq., an in-house counsel for the FDIC, inquired whether Jenkins could represent the FDIC in this matter. (Doc. # 12 at ¶ 3). Jenkins requested a "referral letter" from the FDIC, "executed the referral letter, and [] returned it to Fransen for approval." <u>Id.</u> at ¶¶ 4, 6. On September 4, 2011, Jenkins inquired of

4

Fransen as to whether her referral letter, including her proposed litigation budget, had been approved by the FDIC. Id. at ¶ 7.  On September 7, 2011, Fransen indicated that "the employee with authority to approve the retention of [Jenkins] was out of the office . . . . Fransen also instructed [Jenkins] that it would be best to wait for the approval of the referral letter before filing anything on behalf of the FDIC." Id. at ¶¶ 8-9.  Once again, on September 11, 2011, Jenkins inquired as to whether she had been approved to represent the FDIC. Id. at ¶ 10.

Although the affidavit is somewhat murky on this point, Jenkins submits that Fransen notified her that she had permission to file the Notice of Removal on behalf of the FDIC sometime between September 14-16, 2011. Id. at ¶ 12.  She filed the Notice of Removal on September 16, 2011.

From a neutral evaluation of the affidavit, the Court is not able to ascertain exactly when Jenkins actually received notice that her "approval letter" was approved by the FDIC. At the earliest, it appears that she was given permission to file the Notice of Removal on September 14, 2011, the same date that the clerk's default was entered; at the latest, she was given permission to represent the FDIC on September 16, 2011.  Under either scenario, Jenkins's neglect is excusable.

5

Her affidavit describes diligent inquiry as to the status of her approval letter, and the Court agrees that it would have been imprudent to file a document on behalf of the client before being formally retained by such client.

The Court next determines that granting the Motion will not prejudice the adversary.  The Eleventh Circuit has made it clear that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." <u>Fla. Physician's Ins. Co. v. Ehlers</u>, 8 F.3d 780, 783 (11th Cir. 1993).  The circumstances of this case have not changed since the entry of default, and Plaintiffs' ability to litigate their claim is not impaired due to relevant evidence being lost or becoming unavailable during the brief period in which the FDIC was subject to the clerk's default.

The Court also finds that the FDIC has a meritorious defense to Plaintiffs' claims, as outlined in the FDIC's Motion to Dismiss (Doc. # 7), which will be addressed via separate order.  To summarize the Motion to Dismiss, the FDIC contends that this action is subject to dismissal on the grounds of prudential mootness and because litigation against the FDIC and the defunct banks would be an exercise in futility.  This argument appears to have merit.

Accordingly, the Court sets aside the clerk's default

6

entered by the state court on September 14, 2011.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiffs' Motion to Remand (Doc. # 6) is **DENIED.**

(2)   FDIC's Motion to Set Aside Clerk's Default (Doc. # 11) is

**GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>30th</u>

day of January, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: all counsel and parties of record