```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

AMADOU WANE and MERLANDE WANE,

    Plaintiffs,
v.                              Case No. 8:11-cv-2126-T-33AEP

THE LOAN CORPORATION, BANKUNITED
FSB, and BANKUNITED,

    Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiffs' Motion For Leave to File Second Amended Complaint (Doc. # 39), which was filed on March 15, 2012. For the reasons that follow, the Court grants the motion.

**I. Background**

Plaintiffs initiated this action against Defendants in state court, and filed their Amended Complaint to Quiet Title in state court on August 10, 2011. (Doc. # 2). On or about September 19, 2011, the FDIC as Receiver for Bankunited FSB, removed the case to this Court. (Doc. # 1).[1]

The Amended Complaint names The Loan Corporation, Bankunited FSB, and Bankunited as Defendants but does not contain separate complaint counts asserting specified grievances against these separate Defendants. On August 21,

---

[1] The FDIC, as Receiver for Bankunited FSB, has since been dismissed from this action pursuant to a mediated settlement. (Doc. # 38).

2011, Bankunited filed a Motion to Dismiss in state court, which has yet to be resolved.[2] The Loan Corporation did not respond to the Amended Complaint, and the Clerk entered a Rule 55(a), Fed.R.Civ.P., default against The Loan Corporation on February 6, 2012. (Doc. # 29). Plaintiffs have not yet moved for a final default judgment against The Loan Corporation.

This Court entered its Case Management and Scheduling Order (Doc. # 14) on November 8, 2011, and therein established February 6, 2012, as the deadline to amend pleadings. A pretrial conference is scheduled to take place on October 11, 2012, and this case is set for a November 2012, bench trial. The parties mediated this matter with James W. Whitney, Esq., on February 29, 2012, resulting in a partial settlement.

The present Motion to Amend is untimely. However, for the reasons below, the Court determines that it is appropriate to grant the Motion.

## II. Analysis

"The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962). While leave to amend is "freely given" under Rule 15 of the Federal Rules of Civil Procedure, a motion to amend filed after the deadline established by the

---

[2] The Motion to Dismiss was not filed in this Court until February 13, 2012. (Doc. # 32).

Case Management and Scheduling Order will only be granted upon a showing of good cause under Rule 16(b)(4). To show good cause, a party must establish that despite its diligence, the deadline could not be met. Sosa v. Airport Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998)(citing Fed.R.Civ.P. 16 Advisory Committee's Note).

Considering Plaintiffs' pro se status, the expiration of the deadline roughly one month ago, and the recent change in the procedural posture of the case due to the dismissal of the FDIC, the Court determines that good cause has been established and that amendment is warranted. As noted, the pretrial conference is set for October 11, 2012, and a bench trial is set for the November 2012, trial term. The parties will thus have plenty of time to refine their theories of the case and conduct discovery under the Second Amended Complaint.

In addition, the Court notes that Plaintiffs cannot pursue relief under two different versions of the Complaint. That is, Plaintiffs cannot seek a final default against The Loan Corporation under the present Amended Complaint and at the same time, sue Bankunited under the proposed Second Amended Complaint. Accordingly, the Clerk's default entered against The Loan Corporation is vacated. The Clerk is directed to file the proposed Second Amended Complaint, which is attached to the Motion to Amend.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. # 39) is **GRANTED.**

(2) The Clerk is directed to file the proposed Second Amended Complaint, which is attached to the Motion to Amend (Doc. # 39-1).

(3) Bankunited's Motion to Dismiss (Doc. # 32) is **DENIED AS MOOT.**

(4) The Clerk's default against The Loan Corporation (Doc. # 29) is **VACATED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of March, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel and Parties of Record