UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE and MERLANDE WANE,

       Plaintiffs,

v.                       Case No. 8:11-cv-2126-T-33AEP

THE LOAN CORPORATION, ET AL.,

       Defendants.

_____/

**ORDER**

This cause is before the Court pursuant to Defendant
BankUnited, NA's Motion to Dismiss Plaintiffs' Second Amended
Complaint (Doc. # 43), which was filed on March 30, 2012.[1]
BankUnited, NA filed various exhibits to the Motion to Dismiss
on April 2, 2012. (Doc. # 44). Plaintiffs filed a Response in
Opposition to the Motion to Dismiss on April 11, 2012. (Doc.
# 45). For the reasons the follow, the Court grants the
Motion to Dismiss in part.

**I.   Background**

Plaintiffs entered into a mortgage loan with The Loan
Corporation on September 15, 2006. (Doc. # 41 at ¶ 4). On the
same date, the loan was assigned to BankUnited FSB. On August

---

[1] This action involves two separate Defendants named
"BankUnited:" BankUnited FSB and BankUnited, NA. BankUnited
FSB was taken over by the FDIC and is no longer a Defendant in
this action. At this juncture, BankUnited, NA is an active
Defendant and has filed the present Motion to Dismiss.

30, 2009, Plaintiffs sent The Loan Corporation a letter purporting to rescind the mortgage pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, and Regulation Z, 12 C.F.R. § 226.23. (Doc. # 41-11).

In November 2010, BankUnited FSB was closed by order of the State of Florida Office of Financial Regulation, and the FDIC was appointed as receiver for BankUnited FSB. (Doc. # 1 at ¶ 1).   The FDIC accepted the appointment as receiver pursuant to 12 U.S.C. § 1821(c)(3)(A).   Thereafter, Plaintiffs' loan was assigned to BankUnited, NA.

On August 10, 2011, pro se Plaintiffs initiated this action against BankUnited FSB by filing an "Amended Complaint to Quiet Title" in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. (Doc. # 1 at ¶ 2; Doc. # 2).[2]   Among other allegations, Plaintiffs asserted that their mortgage is invalid and unenforceable, has been rescinded, was not properly notarized, and is a cloud upon the title to their property. (Doc. # 2). Plaintiffs served the FDIC as a Defendant on August 15, 2011. (Doc. # 1 at ¶ 3).   On September 14, 2011, the clerk of the State Court entered a clerk's default against the FDIC. (Doc.

---

[2] Plaintiffs' original Complaint, dated March 19, 2010, sued only The Loan Corporation. (Doc. # 1-5 at 8).

# 10 at 1).   On or about September 16, 2011, the FDIC removed the case to this Court. (Doc. # 1).

This Court set aside the Clerk's entry of default as to the FDIC on January 30, 2012. (Doc. # 26).   Thereafter, Plaintiffs and the FDIC reached a settlement, and the Court dismissed the FDIC on March 12, 2012. (Doc. # 38).

With leave of Court, Plaintiffs filed their Second Amended Complaint to quiet title against BankUnited, NA and The Loan Corporation.[3] (Doc. # 41).   Therein, Plaintiffs seek to quiet title based on rescission pursuant to TILA, and in the alternative seek to quiet title pursuant to state law arguing that their mortgage is unenforceable and void. BankUnited, NA seeks dismissal for lack of jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P., as well as for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P.

---

[3] Through various submissions, the parties as well as the State Court have signaled to this Court that The Loan Corporation is a defunct corporation that is no longer doing business.  Plaintiffs themselves indicate in their submission dated February 9, 2012, that "The Loan Corporation is an entity which is no longer in business.  A default has been entered against it in state court." (Doc. # 30 at 2). Although BankUnited, NA seeks dismissal of the entire action with prejudice, in the context of the present Motion to Dismiss, the Court is not at liberty to adjudicate Plaintiffs' claims against The Loan Corporation.

## II.   Legal Standard

### A.   Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, as in the instant case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).  In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at

4

issue in a Rule 12(b)(1) motion, the Court is free weigh
evidence outside the complaint.  <u>Eaton</u>, 692 F.2d at 732.

**B.    <u>Rule 12(b)(6)</u>**

On a motion to dismiss, this Court accepts as true all
the allegations in the complaint and construes them in the
light most favorable to the plaintiff.  <u>Jackson v. Bellsouth
Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004).  Further,
this Court favors the plaintiff with all reasonable inferences
from the allegations in the complaint.  <u>Stephens v. Dep't of
Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990)
("On a motion to dismiss, the facts stated in [the] complaint
and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual
> allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action
> will not do.  Factual allegations must be enough to
> raise a right to relief above the speculative
> level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal
citations omitted).  In addition, courts are not "bound to
accept as true a legal conclusion couched as a factual
allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).
Furthermore, "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

### III. <u>Analysis</u>

#### A. <u>TILA Rescission</u>

Plaintiffs' Second Amended Complaint seeks to quiet title based on rescission pursuant to TILA. Specifically, Plaintiffs allege that the mortgage is unenforceable because it had been rescinded as of August 30, 2009, by virtue of Plaintiffs' Rescission Letter.[4]

BankUnited, NA argues that Plaintiffs sent the August 30, 2009, Rescission Letter to The Loan Corporation, the wrong entity.[5] However, Plaintiffs made a notation on the Rescission Letter as follows: "cc: BankUnited." Plaintiffs attached to the Second Amended Complaint a certified mail receipt reflecting that "BankUnited" received the Rescission Letter on September 2, 2009. (Doc. # 41-6). While BankUnited, NA argues that such secondhand notification is insufficient,

---

[4] The Rescission Letter is attached to the Second Amended Complaint. (Doc. # 41-11).

[5] Plaintiffs themselves allege in their Second Amended Complaint that The Loan Corporation "has no interest in the mortgage" and "did not lend any money." (Doc. # 41 at ¶ 16). In addition, The Loan Corporation is not a TILA creditor as defined in 15 U.S.C. § 1602(g) and as delineated in <u>Parker v. Potter</u>, 232 F. App'x 861, 864 (11th Cir. 2007).

the Court's independent research has yielded an absence of case law in support of BankUnited, NA's proposition.[6] Generally, in order to effect rescission, the rescinding party must "notify" the other party of the rescission. <u>See</u> <u>Moran v. Crystal Beach Capital, LLC</u>, No. 8:10-cv-1037-T-30AEP, 2011 U.S. Dist. LEXIS 569, at *10 (M.D. Fla. Jan. 4, 2011)(explaining that the party seeking rescission must rescind the contract <u>and</u> notify the other party to the contract of such rescission). At this juncture, it appears that Plaintiffs effected notice of their intent to rescind on BankUnited.

Nevertheless, Plaintiffs' TILA rescission claim against BankUnited, NA is subject to dismissal because the assignment of Plaintiffs' loan from BankUnited FSB to the FDIC was involuntary and BankUnited, NA was a subsequent assignee. Subsection 1641(a) of TILA explains:

> (a) Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a

---

[6] BankUnited, NA supplied the Court with <u>Shepeard v. Quality Siding & Window Factory, Inc.</u>, 730 F. Supp. 1295, 1305 (D. Del. 1990). In that case, the court held that "imposing TILA liability on an assignee that has received inadequate, or perhaps second-hand notice, <u>may be unfair</u>." (emphasis added). This Court declines to diminish pro se Plaintiffs' TILA rights based on such weak and non-binding authority.

creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, *except where the assignment was involuntary*.

15 U.S.C. § 1641(a)(emphasis added).

In essence, Subsection 1641(a) immunizes a receiver, such as the FDIC, from liability.  As explained in Dove v. McCormick, 698 So. 2d 585, 589 (Fla. 5th DCA 1997), "an assignor conveys to the assignee his or her rights and interests in the property or interest assigned. . . . In other words, the assignee stands in the shoes of his assignor." Id. (internal citations omitted).  Once an involuntary assignment of a mortgage is made to a receiver, all subsequent assignees receive the same protection from liability provided to the receiver through 15 U.S.C. § 1641(a).  In this case, after Plaintiffs' loan was involuntarily assigned to the FDIC, it was then assigned to BankUnited, NA.  Since the initial assignment was involuntary, Plaintiffs' TILA claims against BankUnited, NA are barred and must be dismissed as a matter of law.

In addition, it should also be noted that Plaintiffs' rescission claim is subject to dismissal because Plaintiffs failed to effect rescission within three years of September 1, 2006 (the date of the relevant mortgage).  See 15 U.S.C.

8

§ 1635(f) ("An obligor's right of rescission shall expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first."). As stated by the Eleventh Circuit, "When Congress enacts statutes creating public rights or benefits, it can impose time limits on their availability." Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998). Plaintiffs' failure to timely effect rescission within the applicable statute of limitations provides another basis for the dismissal of Plaintiffs' TILA rescission claim.[7]

**B.   State Law Action to Quiet Title**

Plaintiffs' Second Amended Complaint also seeks to quiet title pursuant to state law. Plaintiffs allege that the mortgage is unenforceable, void, and a cloud upon the tile of Plaintiffs' property for the following reasons, among others:

---

[7] Having dismissed the TILA rescission claim, which is the only federal claim raised in the Second Amended Complaint, the Court would normally be inclined to remand this matter to State Court. However, because this action was removed by the FDIC, that option is not available. See Adair v. Lease Partners, Inc., 587 F.3d 238, 244-45 (5th Cir. 2009)(all suits to which the FDIC is a party and all component claims in those suits are presumed to arise under federal law, and thus, within the original subject matter jurisdiction of the federal courts and 12 U.S.C. § 1819(b) continues to provide federal jurisdiction after the FDIC has been dismissed from the case); S. CRE Venture 2010-2, LLC v. Colony Corp., No. 2:10-cv-744-FtM-SPC, 2012 U.S. Dist. LEXIS 30220, at *6 (M.D. Fla. Mar. 7, 2012)(same).

(1) the mortgage was improperly executed because it lacked the signatures of two witnesses; (2) the mortgage is invalid because The Loan Corporation was not licensed to do business in the State of Florida when it issued Plaintiffs' mortgage; (3) the mortgage was ineffectively assigned; (4) BankUnited failed to pay Documentary Stamp Taxes; (5) the assignment of the mortgage was back-dated; (6) The Loan Corporation has no interest in the mortgage; (7) the interest rate was improperly disclosed; and (8) the mortgage contained undisclosed fees.

BankUnited, NA does not sufficiently address these state law arguments.  BankUnited, NA asserts that Plaintiffs failed to allege the facts required to show that a cloud of title exists.  Pursuant to Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953):

> [I]n a suit to quiet title against an alleged cloud the complaint must contain sufficient allegations to show a cause of action. Such a complaint must not only show title in the plaintiff to the lands in controversy, but also that a cloud exists, before relief can be given against it.  Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which given the claim apparent validity as well as those which show its invalidity.

Id.

Construing Plaintiffs' pro se Second Amended Complaint liberally, the Court determines that it is sufficient to

satisfy the pleading requirements for seeking the equitable remedy of quieting title.[8]   Plaintiffs allege that they are the fee simple owners of the property at issue and that the allegedly invalid mortgage is a cloud upon their title.  (Doc. # 41 at ¶ 1).   Beyond mere conclusions, Plaintiffs have identified specific deficiencies, such as lack of witness signatures, which Plaintiffs contend invalidate the mortgage. Accordingly, the Court declines to dismiss Plaintiffs' action to quiet title based upon non-TILA grounds.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant BankUnited, NA's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. # 43) is **GRANTED** in part as to Plaintiffs' request for rescission.  The Motion to Dismiss is otherwise denied.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of April, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[8] See Brown v. John Deere Prod., No. 10-15339, 2012 U.S. App. LEXIS 5521, at *3 (11th Cir. Mar. 16, 2012)("Pro se briefs and pleadings are to be construed liberally.").

11

Copies: All Counsel and Parties of Record