UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE, ET AL.,

                Plaintiffs,

v.                           Case No. 8:11-cv-2126-T-33AEP

THE LOAN CORPORATION, ET AL.,

                Defendants.

_____/

**ORDER**

This matter is before the Court pursuant to Plaintiffs'
Motion for Reconsideration (Doc. # 51), which was filed on May
23, 2012.  Defendant BankUnited, N.A. filed a Response in
Opposition to the Motion for Reconsideration (Doc. # 57) on
June 7, 2012.  For the reasons that follow, the Motion for
Reconsideration is granted in part and denied in part.

**I.**    **Background**

Plaintiffs entered into a mortgage loan with The Loan
Corporation on September 15, 2006. (Doc. # 41 at ¶ 4).  On the
same date, the loan was assigned to BankUnited FSB.  On August
30, 2009, Plaintiffs sent The Loan Corporation a letter
purporting to rescind the mortgage pursuant to the Truth in
Lending Act ("TILA"), 15 U.S.C. § 1635, and Regulation Z, 12
C.F.R. § 226.23. (Doc. # 41-11).

In November 2010, BankUnited FSB was closed by order of
the State of Florida Office of Financial Regulation, and the

FDIC was appointed as receiver for BankUnited FSB. (Doc. # 1 at ¶ 1).   The FDIC accepted the appointment as receiver pursuant to 12 U.S.C. § 1821(c)(3)(A).   Thereafter, Plaintiffs' loan was assigned to BankUnited, NA.

On August 10, 2011, pro se Plaintiffs initiated this action against BankUnited FSB by filing an "Amended Complaint to Quiet Title" in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. (Doc. # 1 at ¶ 2; Doc. # 2).[1]   Among other allegations, Plaintiffs asserted that their mortgage is invalid and unenforceable, has been rescinded, was not properly notarized, and is a cloud upon the title to their property. (Doc. # 2). Plaintiffs served the FDIC as a Defendant on August 15, 2011. (Doc. # 1 at ¶ 3).   On September 14, 2011, the clerk of the State Court entered a Clerk's default against the FDIC. (Doc. # 10 at 1).   On or about September 16, 2011, the FDIC removed the case to this Court. (Doc. # 1).

This Court set aside the Clerk's entry of default as to the FDIC on January 30, 2012. (Doc. # 26).   Thereafter, Plaintiffs and the FDIC reached a settlement, and the Court dismissed the FDIC on March 12, 2012. (Doc. # 38).

---

[1] Plaintiffs' original Complaint, dated March 19, 2010, sued only The Loan Corporation. (Doc. # 1-5 at 8).

2

With leave of Court, Plaintiffs filed their Second Amended Complaint to quiet title against BankUnited, NA and The Loan Corporation. (Doc. # 41). Therein, Plaintiffs seek to quiet title based on rescission pursuant to TILA, and in the alternative, seek to quiet title pursuant to state law arguing that their mortgage is unenforceable and void. On March 30, 2012, BankUnited, NA filed a Motion to dismiss the Second Amended Complaint for lack of jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P., as well as for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P. (Doc. # 43). This Court entered an order granting the Motion in part on April 27, 2012. (Doc. # 46). Specifically, the Court dismissed Plaintiffs' rescission claim. Id. At this juncture, Plaintiffs seek reconsideration of the Court's dismissal of their rescission claim.

## II. **Legal Standard**

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial

3

resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F.Supp.2d at 1308. Further, as explained in <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Id.</u> at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at 11. (citation omitted).

## III. <u>Analysis</u>

Both parties agree that this Court mistakenly stated the date of the mortgage transaction in the Order dated April 27, 2012. Specifically, this Court incorrectly stated that the date of the mortgage was September 1, 2006. (Doc. # 46 at 8). All parties agree that the date of the mortgage was September

4

15, 2006.  The Court grants reconsideration to the extent that the Court recognizes that the mortgage date is September 15, 2006.

With that factual issue resolved, the Court moves on to determine whether the dismissal of Plaintiffs' rescission claim is still valid.  The Court determines that it is still appropriate to dismiss the rescission claim because the assignment of Plaintiffs' loan from BankUnited FSB to the FDIC was involuntary and BankUnited, NA was a subsequent assignee. Subsection 1641(a) of TILA explains:

> (a) Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, *except where the assignment was involuntary.*

15 U.S.C. § 1641(a)(emphasis added).

In essence, Subsection 1641(a) immunizes a receiver, such as the FDIC, from liability.  As explained in Dove v. McCormick, 698 So. 2d 585, 589 (Fla. 5th DCA 1997), "an assignor conveys to the assignee his or her rights and interests in the property or interest assigned. . . . In other words, the assignee stands in the shoes of his assignor." Id. (internal citations omitted).  Once an involuntary assignment

5

of a mortgage is made to a receiver, all subsequent assignees receive the same protection from liability provided to the receiver through 15 U.S.C. § 1641(a).  In this case, after Plaintiffs' loan was involuntarily assigned to the FDIC, it was then assigned to BankUnited, NA.  Since the initial assignment was involuntary, Plaintiffs' TILA claims against BankUnited, NA are barred and must be dismissed as a matter of law.[2]  To the extent that Plaintiffs now argue that their loan was not assigned to BankUnited, such argument is belied by the record.[3]

In conclusion, although the Court has granted reconsideration to correct a mistaken statement of fact, the Court denies reconsideration on the merits of the claim because Plaintiffs' rescission claim is still subject to dismissal.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Reconsideration (Doc. # 51) is

---

[2]  The Court abandons its prior finding that the alleged rescission was untimely based on the present determination that the mortgage was signed on September 15, 2006, instead of September 1, 2006.

[3]  The Purchase and Assumption Agreement reflecting BankUnited's purchase of Plaintiffs' loan from the FDIC is filed in this case at Doc. # 57-1.

6

**GRANTED IN PART AND DENIED IN PART** as stated herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u>

day of July 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel and parties of record