UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE, ET AL.,

    Plaintiffs,        Case No.: 8:11-cv-2126-T-33AEP

v.

THE LOAN CORPORATION, ET AL.,

    Defendants.
_____/

### ORDER

This matter comes before the Court pursuant to Plaintiffs' Motion to Strike Affirmative Defenses Asserted in Defendant's Answer (Doc. # 54), which was filed on May 31, 2012. Defendant BankUnited, N.A. filed a Response in Opposition to the Motion to Strike on June 14, 2012. For the reasons that follow, the Court denies the Motion.

## I. Background

Plaintiffs entered into a mortgage loan with The Loan Corporation on September 15, 2006. (Doc. # 41 at ¶ 4). On the same date, the loan was assigned to BankUnited FSB. In November 2010, BankUnited FSB was closed by order of the State of Florida Office of Financial Regulation, and the FDIC was appointed as receiver for BankUnited FSB. (Doc. # 1 at ¶ 1). Thereafter, Plaintiffs' loan was assigned to BankUnited, N.A.

On August 10, 2011, pro se Plaintiffs initiated this

action against BankUnited FSB by filing an "Amended Complaint to Quiet Title" in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. (Doc. # 1 at ¶ 2; Doc. # 2).[1] Among other allegations, Plaintiffs asserted that their mortgage is invalid and unenforceable, has been rescinded, was not properly notarized, and is a cloud upon the title to their property. (Doc. # 2). Plaintiffs served the FDIC as a Defendant on August 15, 2011. (Doc. # 1 at ¶ 3). On September 14, 2011, the Clerk of the state court entered a Clerk's default against the FDIC. (Doc. # 10 at 1). On or about September 16, 2011, the FDIC removed the case to this Court. (Doc. # 1).

This Court set aside the Clerk's entry of default as to the FDIC on January 30, 2012. (Doc. # 26). Thereafter, Plaintiffs and the FDIC reached a settlement, and the Court dismissed the FDIC on March 12, 2012. (Doc. # 38).

With leave of Court, Plaintiffs filed their Second Amended Complaint to quiet title against BankUnited, N.A. and The Loan Corporation. (Doc. # 41). BankUnited, N.A. filed its Answer, Affirmative Defenses, and Counterclaims (Doc. # 49) on May 11, 2012. BankUnited, N.A. asserts ten affirmative

---

[1] Plaintiffs' original Complaint, dated March 19, 2010, sued only The Loan Corporation. (Doc. # 1-5 at 8).

defenses. Plaintiffs seek an order striking each Affirmative Defense asserted.

## II. <u>Legal Standard</u>

Affirmative defenses are subject to the general pleading requirements of Rule 8. Rule 8(b)(1)(A), Fed.R.Civ.P., requires that a party "state in short plain terms its defenses to each claim asserted against it." BankUnited, N.A.'s description of its defenses satisfies Rule 8.

Affirmative defenses are also evaluated against the touchstone of Rule 12(f), Fed.R.Civ.P., which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." <u>Royal Ins. Co. of Am. v. M/Y Anastasia</u>, No. 95-cv-60498/RV, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). Further, as stated in <u>Florida Software Systems v. Columbia/HCA Healthcare Corp.</u>, No. 8:97-cv-2866-T-17B, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no

possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." Ayers v. Consol. Constr. Servs. of SW Fla., Inc., 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." Fla. Software Sys., 1999 U.S. Dist. LEXIS 15294, at *4.

### III. Analysis

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." Bluewater Trading, LLC v. Willimar USA, Inc., No. 07-cv-61284, 2008 U.S. Dist. LEXIS 108191, at *2 (S.D. Fla. Sept. 9, 2008). Rule 8(c)(1) includes a list of affirmative defenses, such as accord and satisfaction, estoppel, laches, res judicata, and waiver.

BankUnited, N.A.'s Affirmative Defenses 2, 3, and 4, asserting statute of limitations, estoppel, and waiver, are true affirmative defenses and are not subject to being stricken. BankUnited N.A.'s remaining Affirmative Defenses are not true affirmative defenses. They do not admit the allegations of the Second Amended Complaint but avoid

-4-

liability based upon some negating factor. Rather, BankUnited, N.A. raises in such Affirmative Defenses factual, legal, and policy issues bearing on the sufficiency and merits of Plaintiffs' Second Amended Complaint. This Court is not inclined to strike the Defenses. As explained in Ohio National Life Assurance Corp. v. Langkau, No. 3:06-cv-290, 2006 U.S. Dist. LEXIS 60062, at *6-7 (M.D. Fla. Aug. 15, 2006):

> In attempting to controvert an allegation in the complaint, the defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not prejudice the pleader. If plaintiff has been given "plain notice" of the matters to be litigated which is all the federal pleading rules require, he should be put to this proof irrespective of any error by defendant regarding terminology. The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled.

Id. (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1269 (2d ed. 1991), pp. 409-10).

In the Second Amended Complaint, Plaintiffs seek an order finding that their mortgage is invalid, among other relief. BankUnited, N.A.'s Affirmative Defenses 1, 5-10 attack the merits of the Second Amended Complaint. The Court determines

-5-

that each of the questioned Defense passes muster under the standards noted above. The Defenses put into issue relevant and substantial legal and factual questions. Furthermore, the Defenses relate squarely to the controversy, do not confuse the issues, and do not appear to cause prejudice to any party. The Court thus denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion to Strike Affirmative Defenses Asserted in Defendant's Answer (Doc. # 54) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of July 2012.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel of Record