```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION

AMADOU WANE and MERLANDE WANE,

        Plaintiffs,
v.                                 Case No. 8:11-cv-2126-T-33AEP

THE LOAN CORPORATION, ET AL.,

        Defendants.
_____/
```

**ORDER**

This cause is before the Court pursuant to Plaintiffs' Motion to Dismiss Defendant BankUnited, NA's Counterclaims (Doc. # 53), which was filed on May 31, 2012. Defendant BankUnited, NA filed a Response in Opposition to the Motion (Doc. # 58) on June 14, 2012. For the reasons the follow, the Court denies the Motion to Dismiss.

**I.   Background**

On September 15, 2006, Plaintiffs executed and delivered to The Loan Corporation an Adjustable Rate Note in the principal amount of $400,000.00. (Doc. # 49 at ¶ 1). On the same date, the loan was assigned to BankUnited FSB. Id. at ¶ 2.

On May 21, 2009, BankUnited FSB was taken over by the FDIC and the FDIC subsequently sold BankUnited FSB to BankUnited, NA. Id. at ¶ 3. BankUnited, NA is the holder of the Note and is entitled to enforce the Note. Id. at ¶ 4.

Plaintiffs defaulted on the Note by failing to make the payment due January 1, 2009, and all subsequent payments. Id. at ¶ 5. On February 5, 2009, BankUnited, NA sent Plaintiffs a letter informing Plaintiffs of their default. Id. at ¶ 6. As the Plaintiffs are in default, all obligations under the Note have become due and payable immediately to BankUnited, NA. Id. at ¶ 7. All documentary stamps and other taxes due on the Note have been paid and all conditions precedent have been performed or have occurred. Id. at ¶¶ 8-9.

On August 10, 2011, pro se Plaintiffs initiated this action against BankUnited FSB by filing an "Amended Complaint to Quiet Title" in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. (Doc. # 1 at ¶ 2; Doc. # 2).[1] Among other allegations, Plaintiffs asserted that their mortgage is invalid and unenforceable, has been rescinded, was not properly notarized, and is a cloud upon the title to their property. (Doc. # 2). Plaintiffs served the FDIC as a Defendant on August 15, 2011. (Doc. # 1 at ¶ 3). On or about September 16, 2011, the FDIC removed the case to this Court. (Doc. # 1). With leave of Court, Plaintiffs filed their Second Amended Complaint to

---

[1] Plaintiffs' original Complaint, dated March 19, 2010, sued only The Loan Corporation. (Doc. # 1-5 at 8).

quiet title against BankUnited, NA and The Loan Corporation. (Doc. # 41).  BankUnited NA filed its Answer, Affirmative Defenses, and Counterclaims on May 11, 2012. (Doc. # 49). BankUnited, NA asserts counterclaims against Plaintiffs for Breach of Note (counterclaim one) and Money Lent (counterclaim two).  Plaintiffs seek an order dismissing the counterclaims pursuant to Rule 12(b)(6).

## II.  Legal Standard

A motion to dismiss a counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is evaluated in the same manner as a motion to dismiss a complaint.  <u>Stewart Title Guar. Co. v. Title Dynamics, Inc.</u>, No. 2:04-cv-316-FtM-33SPC, 2005 WL 2548419, at *1 (M.D. Fla. Oct. 11, 2005).  A counterclaim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in the counterclaim as true and construe them in the light most favorable to the counterclaim plaintiff.  See <u>United Techs. Corp. v. Mazer</u>, 556 F.3d 1260, 1269 (11th Cir. 2009).

"While a [counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,

3

. . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (internal citations omitted).

A counterclaim plaintiff must plead enough facts to state a plausible basis for the claim. Id.; James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, the [counterclaim's] allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's [counterclaim] should be dismissed."). Additionally, "the tenet that a court must accept as true all of the allegations contained in a [counterclaim] is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### III. <u>Analysis</u>

Plaintiffs seek an order dismissing BankUnited, NA's counterclaims; however, Plaintiffs arguments are not amenable to a Rule 12(b)(6) analysis and are unavailing. For example, Plaintiffs assert that "Defendant does not present any fact showing that there was a default and that the notice was mailed." (Doc. # 53 at 3). In the context of a Rule 12(b)(6) motion to dismiss, the Court is confined to reviewing the pleadings, and Defendant pled in the counterclaim that Plaintiffs failed to make the payment due on January 1, 2009, and all payments thereafter (the default) and that BankUnited, NA mailed Plaintiffs a letter providing notice of the default on February 5, 2009 (the notice). This Court must take BankUnited, NA's factual allegations at face value. That is, the Court is not permitted to dismiss the counterclaim based on BankUnited, NA's failure to prove that the default occurred and that the notice was sent because BankUnited, NA is not yet required to prove its counterclaim allegations at the Rule 12(b)(6) stage.

Likewise, Plaintiffs argue that the counterclaims must be dismissed because BankUnited, NA "failed to pay the required documentary stamp taxes (transfer tax) or show evidence that it has done so." (Doc. # 53). Plaintiffs indicate,

5

"BankUnited could simply present a copy of clerk receipt showing payment of the transfer tax." Id. at 3. The Court rejects Plaintiffs' arguments. BankUnited, NA alleged in the counterclaim that "[a]ll requisite documentary stamps and other taxes due on the above-referenced Note have been paid in accordance with Florida law." (Doc. # 49 at ¶ 8). At this stage of the proceedings, BankUnited, NA, as counterclaimant, is not required to prove up its allegations. Plaintiffs' arguments are better suited for the summary judgment stage, where the Court's analysis is not circumscribed to the pleadings, and the Court may reach the merits of the claims with reference to external documents and other items of proof.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion to Dismiss Defendant BankUnited, NA's Counterclaims (Doc. # 53) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of July, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

6