UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE AND
MERLANDE WANE,

    Plaintiffs,

vs.

THE LOAN CORPORATION, ET AL,

    Defendants.

_____/

CASE NO.: 8:11-CV-2126-VMC-AEP

## DEFENDANT, BANK UNITED, N.A.'S, MOTION TO COMPEL RULE 26(a) DISCLOSURES AND FOR SANCTIONS

Defendant, Bank United, N.A. ("Bank United"), pursuant to Federal Rules of Civil Procedure 37(a)(3)(A), 37 (c)(1), 37(c)(1)(A) and 37(c)(1)(C) hereby moves this Court for the issuance of an order compelling Plaintiffs, Amadou Wane and Merlande Wane ("Plaintiffs"), to provide their Rule 26(a) disclosures, and seeks an order from this Court imposing the appropriate sanctions against Plaintiffs, and in support thereof, states the following:

1.    This case originates from a dispute over a mortgage loan and an accompanying adjustable rate note that Plaintiffs, Amadou Wane and his wife, Merlande Wane ("Mrs. Wane") (collectively, the "Plaintiffs") executed and delivered to The Loan Corporation on September 15, 2006, which was later assigned to Bank United.[1]

2.    Plaintiffs are individuals who have refused to make mortgage payments on their property since 2009, even though they received a loan in 2006 in the amount of $400,000.00 in

---

[1] The loan was originally assigned to Bank United, FSB.  However, on May 21, 2009, Bank United, FSB was taken over by the FDIC and the FDIC subsequently sold Bank United, FSB to Bank United.  *See* Court's Order on Plaintiffs' Motion to Dismiss Bank United's Counterclaims [ECF No. 68].

order to refinance two prior loans that existed on their property. Plaintiffs believe they have no obligation to make any payments, and actually believe they are entitled to live in their home for free.

3. Plaintiffs have filed a complaint to quiet title in this Court against Bank United based on a baseless allegation that the mortgage is invalid (the "Complaint"). [ECF No. 41].

4. Pursuant to Federal Rule of Civil Procedure 26(a), a party must provide the following to the other party:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26 ("Rule 26(a) disclosures").

5. Pursuant to this Court's Amended Case Management and Scheduling Order the discovery cut-off date is set for October 30, 2012. [ECF No. 86].

6. To date, Plaintiffs have not provided their Rule 26(a) disclosures to Bank United.

7. As such, Bank United does not have any knowledge as to the individuals Plaintiffs intend to call at the trial on this matter, and has not been able to depose any individuals with any discoverable information that Plaintiffs may use to support their claims.

...

8. Accordingly, Bank United respectfully requests this Court to compel Plaintiffs to provide Bank United with its Rule 26 disclosures, and also requests this Court impose the appropriate sanctions on Plaintiffs.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed.R.Civ.P. 37(c)(1). Plaintiffs' failure to provide information or identify any witnesses as required by Rule 26(a) was not harmless, and Plaintiffs have not shown that their failure was substantially justified. To date, Plaintiffs have not informed Bank United as to the name or knowledge of any individuals in support of their claims. As such, Bank United requests that Plaintiffs be prohibited from introducing any information or any witness in this case that has not been provided to Bank United.

To the extent this Court allows Plaintiffs to provide their witnesses in a Rule 26 disclosure, and allows Plaintiffs to use the information or the witnesses to supply evidence on a motion, hearing or at trial, Bank United requests that this Court allow it to take the witnesses' depositions, even if it means taking the depositions after the discover cut-off date of October 30, 2012.

Furthermore, pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), this Court may order the payment of reasonable expenses, including attorney's fees, caused by Plaintiffs' failure to provide their Rule 26 disclosures. Fed.R.Civ.P. 37(c)(1)(A). Therefore, Bank United respectfully requests this Court to enter an Order requiring Plaintiffs to pay the reasonable

expenses, including attorney's fees and costs incurred by Bank United in having to bring this Motion against Plaintiffs.

Additionally, pursuant to Rule 37(c)(1)(C) of the Federal Rules of Civil Procedure, this Court may impose other appropriate sanctions listed in Rule 37(b)(2)(A)(i)-(vi). Such sanctions include, but are not limited to, the striking of pleadings and the dismissal of an action. Fed.R.Civ.P. 37(b)(2)(A)(iii) and (v). As such, Bank United respectfully requests this Court to impose sanctions against Plaintiffs including the striking of Plaintiffs' Complaint [ECF No. 41], or the dismissal of Plaintiffs' action altogether.

At the very least, if this Court does not impose such sanctions delineated above, Bank United requests its reasonable attorney's fees and costs incurred for Plaintiffs' failure to provide their Rule 26 disclosures.

WHEREFORE, Bank United, N.A. respectfully requests this Court to compel Plaintiffs, Amadou Wane and Merlande Wane, to provide Bank United with its Rule 26(a) disclosures and to impose sanctions against Plaintiffs, including, but not limited to, the payment of Bank United's reasonable attorney's fees and costs, the striking of Plaintiffs' Complaint or the dismissal of Plaintiffs' Complaint, and any further relief this Court deems just and proper.

Respectfully submitted,

/s/ Gary M. Carman
Gary M. Carman, Esq.
Florida Bar No. 179409
GrayRobinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

## RULE 3.01(g), M.D. Fla. L.R. CERTIFICATION

**I HEREBY CERTIFY** that Bank United has attempted to confer with Plaintiff in a good-faith effort to resolve the issue raised in this Motion, but to no avail.

/s/ Gary M. Carman
Gary M. Carman

## Federal Rule of Civil Procedure 37(a)(1) CERTIFICATION

Bank United has in good faith attempted to confer with Plaintiff in an effort to obtain his deposition without Court intervention, but to no avail, and is therefore forced to file this Motion.

/s/ Gary M. Carman
Gary M. Carman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 25, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on any counsel of record in this matter via transmission of Notice of Electronic Filing generated by CM/ECF, who are authorized to receive such notices electronically. I also certify that a true and correct copy of the foregoing has been sent by U.S. Mail to Plaintiffs at 13046 Racetrack Road, Number 118, Tampa, FL 33626, to 14614 Canopy Drive, Tampa, FL 33626 and via E-mail to Plaintiffs at amadou@amadouwane.com.

/s/ Gary M. Carman
Gary M. Carman