UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| AMADOU WANE, MERLANDE WANE<br><br>Plaintiffs,<br><br>-v-<br><br><br>THE LOAN CORPORATION,<br>BANKUNITED FSB, BANKUNITED<br><br>Defendants | CASE NO: 8:11-CIV-2126-VMC-AEP<br><br>RESPONSE TO DEFENDANT'S MOTION TO COMPEL RULE 26(a) DISCLOSURES AND MEMORANDUM OF LAW |

INTRODUCTION

This case arises from a predatory loan that was illegally executed and falsified by The Loan Corporation, an unlicensed mortgage broker. Plaintiffs are seeking to quiet the title on their property. BankUnited fraudulently claims to be the owner of the note and mortgage. Instead of presenting convincing arguments, Defendant via its counsel Gary Carman, chooses to engage in a campaign of personal attacks in an effort to impugn the integrity of the Plaintiffs.

MEMORANDUM OF LAW

Plaintiff, Amadou Wane, files his response to Defendant BankUnited N.A. (BankUnited) Motion to Compel Rule 26(a) Disclosures, and as grounds states:

1. On October 17, 2011, pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a case management meeting was held telephonically. Plaintiff, Amadou Wane, Lori Kapalko for the FDIC, and Gary Carman for BankUnited NA. participated in the meeting.

2. On November 08, 2011, The Case Management Report was filed (Doc. #13).

1

3. In the report the parties agreed to exchange information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) on or before *60 days after receipt of this Court's ruling on Plaintiff's motion to remand* (Doc. #13, Pg 2).

4. This Court ruled on Plaintiff's motion to remand on January 30, 2012 (Doc. #26); therefore the deadline for serving rule 26(a)(1) disclosures was March 30, 2012.

5. On September 21, 2012, the Court entered a scheduling order extending discovery cut-off date to October 30, 2012.

6. On October 04, 2012 (more than six months after the deadline) Defendant BankUnited sent Plaintiff its notice of rule 26(a)(1) disclosures. Defendant disclosed for the first time five potential new witnesses less than 30 days before discovery cut-off date. Furthermore, BankUnited did not disclose the address or telephone number of many of the witnesses; and it did not even disclose the identity of one witness.

7. On October 18, 2012, Plaintiff filed his objection to Defendant untimely disclosures (Doc. #101).

8. As a tactical defensive move, Defendant sought to compel Plaintiff to file his initial disclosure. On October 29, 2012, Plaintiffs timely served Defendant with their responses to discovery requests. The responses included an initial disclosure.

9. It is important to note that Defendant has been active in this case since February 2011 in state court in Hillsborough County Florida. Defendant had had ample time to conduct its discovery. Defendant has not shown that it suffered any prejudice. Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make. *Ehrenhaus v. Reynolds*, 965 F 2d 916 (10th Cir. 1992). The district court's discretion to choose a sanction is limited in that the chosen sanction must be both

"just" and "related to the particular `claim' which was at issue in the order to provide discovery." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S. Ct. 2099, 2106, 72 L.Ed.2d 492 (1982).

**WHEREFORE**, Plaintiff respectfully requests the Court to deny Defendant motion as moot.

Respectfully submitted, this 30 day of October, 2012

By: /s/ Amadou Wane
AMADOU WANE
13046 Race Track Rd., #118
Tampa Florida 33626
(813) 343-0438
amadou@amadouwane.com

### CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing to BankUnited FSB, BankUnited using CM/ECF system.

Gray Robinson P.A
1221 Brickell Avenue
Suite 1600
Miami, FL 33131

/s/   Amadou Wane
Amadou Wane, Plaintiff