UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE and MERLANDE WANE,

    Plaintiffs,

v.     Case No. 8:11-cv-2126-T-33AEP

THE LOAN CORPORATION and
BANK UNITED,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiffs' Motion for Entry of Final Default Judgment Against The Loan Corporation (Doc. # 87), which was filed on September 25, 2012. Defendant Bank United filed a response in opposition to the motion (Doc. # 92) on October 5, 2012. For the reasons that follow, the Court denies the motion.

**I. Background**

On September 15, 2006, Plaintiffs Amadou and Merlande Wane executed a note in the amount of $400,000 to Defendant The Loan Corporation, secured by certain real property. (Doc. # 92 at 1). "At the time the loan was executed, The Loan Corporation served as a broker for Bank United FSB . . . . The original lender in this case was The Loan Corporation . . . however, Bank United FSB acquired title to the loan at the

1

inception of the loan closing." Id. at 1. On May 21, 2009, Bank United FSB was taken over by the FDIC, and the FDIC subsequently sold Bank United FSB to Bank United. Id. at 2. On March 19, 2010, the Wanes filed a complaint to quiet title against The Loan Corporation in state court "on the basis that the mortgage was invalid and unenforceable because it had been rescinded." (Doc. # 43 at 3). On September 16, 2011, the FDIC, as receiver for Bank United FSB, filed a notice of removal of the action to this Court. Id. at 4. On March 16, 2012, the Wanes filed an amended complaint in this Court to quiet title against The Loan Corporation and Bank United. (Doc. # 41).

The Loan Corporation is an inactive corporation. (Doc. # 92 at 4). Consequently, The Loan Corporation has failed to appear in this action, and that failure has resulted in a clerk's entry of default. (Doc. # 79). On September 25, 2012, the Wanes filed a motion for default judgment against The Loan Corporation (Doc. # 87), and on October 5, 2012, Defendant Bank United filed a response in opposition to the motion (Doc. # 92).

**II. Analysis**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

"An entry of default is not the same as a default judgment." Bivens v. Roberts, No. 208CV026, 2009 WL 411527, at *6 (S.D. Ga. Feb. 18, 2009) (citing Arango v. Guzman Travel Advisors, 761 F.2d 1527, 1530 (11th Cir. 1985)). "To obtain a default judgment, a party generally must file a motion, which the Court has discretion to grant or deny." Bivens, 2009 WL 411527, at *6; see also Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985) ("The entry of a default judgment is committed to the discretion of the district court."). "A default judgment is a harsh remedy that is disfavored by the courts. Accordingly, there is a preference that liability be decided on the merits." Bivens, 2009 WL 411527, at *6.

In the instant motion for default judgment, the Wanes request the Court to find that: "(1) Defendant was an unlicensed mortgage broker at the time of the loan closing, rendering the note and mortgage void and unenforceable; (2)

3

Defendant did not give any consideration in exchange for the loan; (3) Jennifer Jones was not a Vice President of The Loan Corporation and did not have authority to assign the mortgage and note; [and] (4) The corporate assignment of [the recorded mortgage] is ineffective." (Doc. # 87 at 2). Bank United, however, contests the findings of fact proposed in the Wanes' motion and argues that such findings "will negatively affect Bank United's claims and defenses in this action." (Doc. # 92 at 5). The Court agrees.

Because this case remains pending against a Defendant other than The Loan Corporation, the Court declines to grant the Wanes' motion for default judgment at this juncture. In order to enable the Wanes to file a renewed motion for default judgment after the related claims in this matter have been resolved, the Court denies the instant motion without prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED:**

Plaintiffs' Motion for Entry of Final Default Judgment Against The Loan Corporation (Doc. # 87) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>6th</u> day of December, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record