```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

AMADOU WANE and MERLANDE WANE,

    Plaintiffs,
v.                           Case No. 8:11-cv-2126-T-33AEP

THE LOAN CORPORATION, ET AL.,

    Defendants.
_____/

### ORDER

This matter comes before the Court pursuant to the Wanes' Motion for Reconsideration or Clarification of Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiffs' Motion for Summary Judgment (Doc. # 173), which was filed on March 6, 2013. Defendant Bank United, N.A. filed a Response in Opposition to the Motion on March 20, 2013. (Doc. # 175). The Court denies the Motion as set forth below.

**I. Legal Standard**

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration

must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Ludwig v. Liberty Mut. Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at * 11. (Internal citation and quotation marks omitted).

**II. <u>Analysis</u>**

2

Here, the Wanes have failed to meet their burden of demonstrating via facts or law of a strongly convincing nature that reconsideration or clarification is required. The Wanes challenge the Court's summary judgment Order on a variety of grounds. However, careful review of their arguments reveals that the Court has addressed each argument in its summary judgment order, and the Wanes seek to relitigate that which has already been decided. This Court declines the Wanes' invitation to reopen matters that have already been disposed of with great deliberation.

In addition, the Wanes have not come forward with new evidence, nor have they demonstrated that reconsideration is mandated to correct an error or to prevent manifest injustice. This Court gave thoughtful consideration to the parties' submission at the summary judgment stage and ultimately ruled in favor of Bank United, N.A. The Wanes have failed to demonstrate why the outcome should be different. The instant Motion for Reconsideration rehashes matters that have already been decided. Rather than providing a new perspective on the issues, the Wanes have, instead, reasserted their prior arguments, which this Court has thoroughly addressed. Thus, the Court denies the Motion for Reconsideration.

Accordingly, it is hereby

3

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Reconsideration or Clarification of Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiffs' Motion for Summary Judgment (Doc. # 173) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of March, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record