UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE, ET AL.,

        Plaintiffs,
v.                       Case No.: 8:11-cv-2126-T-33AEP

THE LOAN CORPORATION,
ET AL.,
        Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiffs Amadou Wane and Merlande Wane's Motion for Stay Pending Appeal (Doc. # 182), filed on December 11, 2013, and Defendant Bank United, N.A.'s Response (Doc. # 183), filed on December 23, 2013. For the reasons that follow, the Court denies the Motion.

**I.   Background**

    **A.   State Court Proceedings**

The Wanes executed an Adjustable Rate Mortgage and Note in 2006, and in 2010, filed an action to quiet title against The Loan Corporation in state court (case number 10-CA-006301), asserting that the Mortgage was unenforceable because it had been rescinded. (Doc. # 1-5 at 8). The Wanes named neither Bank United FSB nor Bank United, N.A. as a defendant

in the state court complaint.[1] On September 7, 2010, the state court entered a final default judgment quieting title against The Loan Corporation. Bank United, N.A. intervened in that case, and on August 5, 2011, Judge William P. Levens held an evidentiary hearing on whether the default judgment against The Loan Corporation should be vacated. After the hearing, Judge Levens entered an order containing the following findings, among others, and setting aside the default judgment previously entered against The Loan Corporation:

(A) The Plaintiffs took out a loan on September 15, 2006 from The Loan Corporation to refinance two then-existing loans from Wells Fargo, which indebtedness was secured by developed real property located at 14614 Canopy Drive, Tampa, Florida 33626.
(B) The same day of that closing, the loan was assigned via an Allonge to Bank United, FSB (the predecessor to Bank United, and a banking entity that was taken over by the FDIC on May 21, 2009, and through a receivership absorbed by the new entity, BankUnited). The subject loan became the property of BankUnited through the actions of the FDIC.
(C) At the exact time when his loan payments were scheduled to escalate from $1,213.05 a month to $3,264.29 a month, Mr. Wane sought to rescind his loan by sending a letter dated August 30, 2009, to The Loan Corporation-even though Mr. Wane had been making loan payments to BankUnited for almost 3 years-at an address unconnected with either BankUnited, FSB or BankUnited.

---

[1] On April 19, 2010, Bank United, N.A. filed a separate action seeking foreclosure against the Wanes in state court, which is ongoing (case number 29-2010-CA-008594). (Doc. # 165 at 2, n.2).

> . . . .
> (E) There is no evidence that the actual owner and holder of the note and mortgage, BankUnited, ever received the attempted rescission letter. . . . In fact, the credible testimony of Ms. Fallmann was that BankUnited did not learn of either the attempted rescission or the quiet title action until their lawyers found out about it while they were pursuing the separate foreclosure action against Mr. and Mrs. Wane . . . in February 2011.

(Id. at 1-2).

On August 10, 2011, two days after Judge Levens entered his order, the Wanes filed their "Amended Complaint to Quiet Title" against The Loan Corporation, Bank United, N.A. and the FDIC in state court. (Doc. # 2). The Wanes appealed Judge Levens' order to Florida's Second District Court of Appeal (Doc. # 165-4), which issued a per curiam affirmance. (Doc. # 165-5).

### C. Federal Court Proceedings

The FDIC removed the Wanes' action to this Court on September 16, 2011. (Doc. # 1). The FDIC reached a settlement with the Wanes at mediation and has been dismissed from this action. (Doc. # 38). On March 16, 2012, the Wanes filed the Second Amended Complaint against Bank United, N.A. and The Loan Corporation. (Doc. # 41). Therein, the Wanes sought to quiet title based on rescission pursuant to TILA, and in the alternative, sought to quiet title under state law arguing

-3-

that their Mortgage was unenforceable, invalid, and void. This Court dismissed the Wanes' rescission claim on April 27, 2012. (Doc. # 46). Bank United, N.A. filed its answer, affirmative defenses, and counterclaims for breach of note and money lent on May 11, 2012. (Doc. # 49).

The Wanes filed their answer and affirmative defenses to Bank United, N.A.'s counterclaims on July 23, 2012. (Doc. # 70). Bank United, N.A. filed its Motion for Summary Judgment (Doc. # 151) on November 30, 2012. The Wanes filed their own Motion for Summary Judgment (Doc. # 155) on December 17, 2012. In an Order dated February 23, 2013, the Court granted Bank United, N.A.'s Motion for Summary Judgment and denied the Wanes' Motion for Summary Judgment. (Doc. # 171). On March 14, 2013, the Wanes filed a Motion for Default Judgment against The Loan Corporation (Doc. # 174), which this Court denied on April 1, 2013. (Doc. # 178). On April 9, 2013, the Wanes filed an appeal of the Court's Summary Judgment Order and Order denying default judgment. (Doc. # 179). At this juncture, the Wanes seek a stay pending appeal. (Doc. # 182). Bank United, N.A. opposes the stay. (Doc. # 183).

## II. **Legal Standard**

A Rule 62, Fed. R. Civ. P., stay pending appeal is considered "extraordinary relief" for which the moving party

bears a "heavy burden." Winston-Salem/Forsyth County Bd. of Educ. v. Scott, 404 U.S. 1221, 1231 (1971). In determining whether to grant a stay pending resolution of an appeal, courts consider: "1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." Hilton v. Braunskill, 107 S. Ct. 2113, 2119 (1987).

### III. Analysis

Although the Wanes discuss their disagreement with the Court's Orders at length, they have failed to identify a successful avenue for appealing the Court's decisions. The Court finds that the Wanes are unlikely to succeed on the merits of their appeal.

The Court likewise determines that the Wanes have failed to demonstrate that they risk irreparable injury. In support of the contention that they face an irreparable injury, the Wanes state: "If Wane is dispossessed of his property during the pendency of the appeal and then prevails on appeal, he will be in the untenable situation of having to move out, only to then be permitted, months later, to move back in." (Doc. #

182 at 5). Although the Wanes insinuate that they may be "dispossessed" of their property, the Wanes have not provided pertinent information, such as when the sale of the property, if any, is scheduled to occur. As rightly pointed out by Bank United, N.A., "[t]here is no cause of action pending in this case to actually foreclose Mr. Wane from his property. . . . That is the subject of the separate Foreclosure Case pending in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida." (Doc. # 183 at 11). Bank United, N.A. also indicates that "[t]he Foreclosure Case is still being litigated and likely has quite some time before being completed." (Id.).

Furthermore, the Wanes have not indicated why the equities or the public interest favors their continued habitation of the subject property mortgage-free or why a stay should be imposed without the requirement of a supersedeas bond.[2]

Because the Wanes have failed to carry their burden, the Court denies the Motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

---

[2] In a submission dated January 22, 2013, Bank United, N.A. indicated, "Plaintiffs have been living in their house for almost 4 years without paying a mortgage." (Doc. # 167 at 14, n.8).

-6-

Plaintiffs Amadou Wane and Merlande Wane's Motion for Stay Pending Appeal (Doc. # 182) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of January, 2014.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record