UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE and MERLANDE WANE,

    Plaintiffs,
v.                            Case No. 8:11-cv-2126-T-33AEP

THE LOAN CORPORATION, ET AL.,

    Defendants.
_____/

**ORDER**

    This cause comes before the Court pursuant to Defendant BankUnited, N.A.'s Motion for Entry of Final Judgment (Doc. # 187), filed on May 20, 2014. Plaintiff Amadou Wane filed a pro se response in opposition to the Motion (Doc. # 188) on June 2, 2014. For the reasons that follow, the Court grants the Motion by directing the Clerk to enter a Judgment in favor of BankUnited, N.A. Thereafter, BankUnited, N.A. may file a separate application for attorney's fees and costs, supported by a detailed fee ledger and memorandum of law.

**I. Factual Background**

    **A. The Obligation and Default**

    Amadou Wane ("Mr. Wane") executed and delivered an Adjustable Rate Note in the principal amount of $400,000.00 to Defendant The Loan Corporation on September 15, 2006, to refinance two then-existing loans from Wells Fargo, secured by the Wanes' residence located at 14614 Canopy Drive, Tampa,

Florida. (Fallmann Aff. Doc. # 167-3 at 3, ¶ 11; Doc. # 49-1 at 2-7). On that same day, the Wanes executed and delivered a Mortgage securing payment of the Note to The Loan Corporation. (Fallmann Aff. Doc. # 167-3 at 3, ¶ 12; Doc. # 151-1 at 13-26). Later that day, the Note was sold to Bank United FSB as evidenced by the Allonge (Doc. # 49-1 at 9), and the Mortgage was assigned to Bank United FSB via an Assignment (Doc. # 151-3 at 1-2).

The Note and Mortgage replaced and satisfied the two existing mortgages on the Property. (Doc. # 151-2 at 13, 24). The excess funds from the refinance, $38,092.00, were paid to Mr. Wane via wire transfer. (Doc. # 151-2 at 26).

The Note and Mortgage went into default as a result of the Wanes' failure to make the required payment due on January 1, 2009, and all subsequent payments. (Fallmann Aff. Doc. # 167-3 at 4, ¶ 19). Bank United FSB sent the Wanes a Default Letter dated February 5, 2009. (Doc. # 49-1 at 11).

On May 21, 2009, Bank United FSB was taken over by the FDIC, and the FDIC subsequently sold the assets of Bank United FSB to BankUnited, N.A. via a Purchase and Assumption Agreement. (Fallmann Aff. Doc. # 167-3 at 4, ¶ 17; Doc. # 57-1 - Doc. # 57-3).

On August 30, 2009, the Wanes sent The Loan Corporation a letter purporting to rescind their loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, and Regulation Z, 12 C.F.R. § 226.23. (Doc. # 41-11). The timing of this letter coincided with a scheduled monthly Mortgage payment increase from $1,213.05 to $3,264.29. The Wanes carbon copied "Bank United" on the rescission letter. Id.

B. **The State Court Proceedings**

On March 19, 2010, the Wanes filed an action to quiet title against The Loan Corporation in state court (case number 10-CA-006301), asserting that the Mortgage was unenforceable because it had been rescinded. (Doc. # 1-5 at 8). The Wanes named neither Bank United FSB nor BankUnited, N.A. as a defendant in the complaint.[1] On September 7, 2010, the state court entered a final default judgment quieting title against The Loan Corporation. BankUnited, N.A. intervened in that case, and on August 5, 2011, Judge William P. Levens held an evidentiary hearing on whether the default judgment against The Loan Corporation should be vacated. A complete transcript of that hearing is before this Court. (Doc. # 165-1 - Doc. #

---

[1] On April 19, 2010, BankUnited, N.A. filed a separate action seeking foreclosure against the Wanes in state court, which is ongoing (case number 29-2010-CA-008594). (Doc. # 165 at 2, n.2).

3

165-2).

At the hearing, Judge Levens heard testimony from Patricia Fallmann, BankUnited, N.A.'s Default Mediation Administrator of the Asset Conservation Division Default Administration. (Doc. # 165-1 at 19). Judge Levens found Ms. Fallmann to be a credible witness competent to testify about the business records of BankUnited, N.A. (Doc. # 165-3 at 2). Through Ms. Fallmann, Judge Levens admitted into evidence the Mortgage, the Allonge, the Assignment, the Purchase and Assumption Agreement, and other relevant documents. (Doc. # 165-1 at 31, 41, 43, 55).

During the hearing, Mr. Wane submitted that BankUnited, N.A. lacked proof that it was the owner of the Note and Mortgage. (Doc. # 165-1 at 16). The Court found against Mr. Wane on this issue. (Doc. # 165-3 at 2, ¶ (E)).

After the hearing, Judge Levens entered an order containing the following findings, among others, and setting aside the default judgment previously entered against The Loan Corporation:

> (A) The Plaintiffs took out a loan on September 15, 2006 from The Loan Corporation to refinance two then-existing loans from Wells Fargo, which indebtedness was secured by developed real property located at 14614 Canopy Drive, Tampa, Florida 33626.
> (B) The same day of that closing, the loan was

            assigned via an Allonge to Bank United, FSB (the predecessor to Bank United, and a banking entity that was taken over by the FDIC on May 21, 2009, and through a receivership absorbed by the new entity, BankUnited). The subject loan became the property of BankUnited through the actions of the FDIC.

(C)    At the exact time when his loan payments were scheduled to escalate from $1,213.05 a month to $3,264.29 a month, Mr. Wane sought to rescind his loan by sending a letter dated August 30, 2009, to The Loan Corporation–even though Mr. Wane had been making loan payments to BankUnited for almost 3 years–at an address unconnected with either BankUnited, FSB or BankUnited.

    . . . .

(E)    There is no evidence that the actual owner and holder of the note and mortgage, BankUnited, ever received the attempted rescission letter. . . . In fact, the credible testimony of Ms. Fallmann was that BankUnited did not learn of either the attempted rescission or the quiet title action until their lawyers found out about it while they were pursuing the separate foreclosure action against Mr. and Mrs. Wane . . . in February 2011.

(Id. at 1-2).

On August 10, 2011, two days after Judge Levens entered his order, the Wanes filed their "Amended Complaint to Quiet Title" against The Loan Corporation, BankUnited, N.A. and the FDIC in state court. (Doc. # 2). The Wanes appealed Judge Levens' order to Florida's Second District Court of Appeal (Doc. # 165-4), which issued a per curiam affirmance. (Doc. # 165-5).

5

### C. Federal Court Proceedings

The FDIC removed the Wanes' action to this Court on September 16, 2011. (Doc. # 1). The FDIC reached a settlement with the Wanes at mediation, and the FDIC has been dismissed from this action. (Doc. # 38).

On March 16, 2012, the Wanes filed the Second Amended Complaint against BankUnited, N.A. and The Loan Corporation. (Doc. # 41). Therein, the Wanes sought to quiet title based on rescission pursuant to TILA, and in the alternative, sought to quiet title under state law arguing that their Mortgage is unenforceable, invalid, and void. This Court dismissed the Wanes' rescission claim on April 27, 2012. (Doc. # 46). BankUnited, N.A. filed its answer, affirmative defenses, and counterclaims for breach of note and money lent on May 11, 2012. (Doc. # 49).

The Wanes filed their answer and affirmative defenses to BankUnited, N.A.'s counterclaims on July 23, 2012, listing myriad defenses. (Doc. # 70). The Wanes as well as BankUnited, N.A. filed Motions for Summary Judgment as well as motions to strike. Relevant to the present proceedings, the Court entered an Order granting BankUnited, N.A.'s Motion for Summary Judgment on February 23, 2013. Among other findings, the Court explained:

> BankUnited, N.A. is entitled to summary judgment on its counterclaim for breach of note because it had a valid contract with the Wanes, the Wanes breached the Contract by failing to make payments when due, and BankUnited, N.A. incurred damages as a result. Likewise, BankUnited, N.A. is entitled to summary judgment on its counterclaim for money lent. It cannot be disputed that $400,000.00 was delivered to the Wanes as a loan and that the loan has not been repaid. There are no genuine disputes of material fact pertaining to the satisfaction of each of these elements.

(Doc. # 171 at 27). The Court also determined that the Wanes' affirmative defenses lacked merit. (Id. at 28).

The Court noted in the Summary Judgment Order that Defendant, The Loan Corporation, was in default and authorized the Wanes to file a Motion for Default Judgment against The Loan Corporation by March 14, 2013. (Id. at 30). The Wanes filed a timely Motion for Default Judgment (Doc. # 174), which the Court denied on April 1, 2013. (Doc. # 178). On April 9, 2013, the Wanes appealed the Court's Summary Judgment Order. (Doc. # 179).

On January 14, 2014, the Eleventh Circuit entered an Order affirming the Court's Summary Judgment Order:

> [T]he district court properly granted BankUnited's motion for summary judgment upon finding that the Wanes breached the terms of the promissory note. . . . Ultimately, there is no dispute that the Wanes defaulted on their loan, which was secured by the promissory note. The district court properly granted summary judgment to BankUnited because the

7

>Wanes were liable for failure to fulfill their obligations under the promissory note.

(Doc. # 185 at 13, 17-18). On April 15, 2014, the Eleventh Circuit issued its mandate. (Doc. # 186).

## II. Motion for Entry of Final Judgment

On May 20, 2014, BankUnited, N.A. filed its Motion for Entry of Final Judgment (Doc. # 187) requesting entry of a final judgment that "BankUnited is entitled to recover from Plaintiffs the principal amount of the Note, plus late charges, costs, escrow advances, and pre-judgment and post judgment interest for breach of note and money lent" in the amount of $591,084.23 plus "reasonable attorney's fees and costs expended by BankUnited" in the amount of $143,494.66. (Id. at 2-3). BankUnited, N.A. indicates:

>To date, the total amount due to BankUnited by Plaintiffs is **$591,084.23** comprised of $429,322.12 in principal on the Note, $87,429.61 in outstanding interest from January 1, 2008 through March 1, 2014, late charges in the amount of $4,787.94, escrow advance payments in the amount of $48,222.81, recoverable balance in the amount of $20,527.75, and other fees in the amount of $794.00 with interest accruing at $41.17 per diem, plus attorneys fees and costs . . . in the amount of $143,494.66.

(Id. at 3)(emphasis added). BankUnited, N.A. has supported its request with an Affidavit of Indebtedness sworn to by Patricia Fallmann, however, that affidavit does not address

8

the issue of attorney's fees. (Doc. # 187-1). In addition, the Note, which is before the Court, provides:

> (B) Default
> If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
> (C) Notice of Default
>     If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least thirty (30) days after the date on which the notice is delivered or mailed to me.
> . . . .
> (E)  Payment of Note Holder's Costs and Expenses
>     If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

(Doc. # 49-1 at ¶ 7).

Mr. Wane responds that the relief requested should be denied because BankUnited's Motion is untimely under Rule 54(d)(2) and Local Rule 4.18, M.D. Fla. Mr. Wane also asserts that BankUnited's request for attorney's fees and costs in the amount of $143,494.66 should be denied because "BankUnited claims of attorney's fees and costs are unsupported by invoices or other evidence." (Doc. # 188 at 2).

9

Rule 54(d)(2)(B)(i), Fed. R. Civ. P., specifies that motions for attorney's fees shall be "filed no later than 14 days after the entry of judgment." Likewise, Local Rule 4.18, M.D. Fla., states:

> In accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment. The pendency of an appeal from the judgment shall not postpone the filing of a timely application pursuant to this rule.

Relying on the affidavit of indebtedness, the Court determines that BankUnited, N.A. is entitled to recover the following amounts:

```
Principal on the Note:                            $429,322.12
Interest from 1-1-2008, through 3-1-2014:          $87,429.61
Late charges:                                       $4,787.94
escrow advance payments:                           $48,222.81
Recoverable balance:                               $20,527.75
Other fees:                                           $794.00
                                                  $591,084.23
```

The Court directs the Clerk to enter a Judgment in favor of BankUnited, N.A. and against Plaintiffs Amadou Wane and Merlande Wane in the amount of $591,084.23, which shall bear interest from the date of the judgment forward at the prevailing legal rate of interest for judgments in the State of Florida. Thereafter, BankUnited, N.A. has fourteen days from the date of the Judgment in which to file a separate

10

motion for attorney's fees and costs, supported by a detailed fee ledger and memorandum of law, to which the Wanes may respond in accordance with the Local Rules.[2]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant BankUnited, N.A.'s Motion for Entry of Final Judgment (Doc. # 187) is **GRANTED.**

(2) The Court directs the Clerk to enter a Judgment in favor of BankUnited, N.A. and against Plaintiffs Amadou Wane and Merlande Wane in the amount of $591,084.23, which shall bear interest from the date of the judgment forward at the prevailing legal rate of interest for judgments in the State of Florida.

(3) BankUnited, N.A. has fourteen days from the date of the Judgment in which to file a separate motion for attorney's fees and costs, supported by a detailed fee ledger and memorandum of law, to which the Wanes may respond in accordance with the Local Rules.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of July, 2014.

---

[2] BankUnited, N.A. should address, inter alia, the factors set forth in <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988) and <u>Johnson v. Ga. Highway Exp. Inc.</u>, 488 F.2d 714, 719 (5th Cir. 1974).

11

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record