UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOU WANE and MERLANDE WANE,

        Plaintiffs,

v.                                    Case No. 8:11-cv-2126-T-33AEP

THE LOAN CORPORATION, ET AL.,

        Defendants.

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant BankUnited, N.A.'s Motion for Attorneys' Fees and Costs (Doc. # 191), which was filed on July 24, 2014.  Plaintiff Amadou Wane filed a pro se response in opposition to the Motion (Doc. # 192) on August 8, 2014.  For the reasons that follow, the Court denies the Motion without prejudice.

I.   **Factual Background**

    A.   **The Obligation and Default**

Amadou Wane ("Mr. Wane") executed and delivered an Adjustable Rate Note in the principal amount of $400,000.00 to Defendant The Loan Corporation on September 15, 2006, to refinance two then-existing loans from Wells Fargo, secured by the Wanes' residence located at 14614 Canopy Drive, Tampa, Florida. (Fallmann Aff. Doc. # 167-3 at 3, ¶ 11; Doc. # 49-1 at 2-7).  On that same day, the Wanes executed and delivered a Mortgage securing payment of the Note to The Loan

Corporation. (Fallmann Aff. Doc. # 167-3 at 3, ¶ 12; Doc. # 151-1 at 13-26).  Later that day, the Note was sold to Bank United FSB as evidenced by the Allonge (Doc. # 49-1 at 9), and the Mortgage was assigned to Bank United FSB via an Assignment (Doc. # 151-3 at 1-2).

The Note and Mortgage replaced and satisfied the two existing mortgages on the Property. (Doc. # 151-2 at 13, 24). The excess funds from the refinance, $38,092.00, were paid to Mr. Wane via wire transfer. (Doc. # 151-2 at 26).

The Note and Mortgage went into default as a result of the Wanes' failure to make the required payment due on January 1, 2009, and all subsequent payments. (Fallmann Aff. Doc. # 167-3 at 4, ¶ 19).  Bank United FSB sent the Wanes a Default Letter dated February 5, 2009. (Doc. # 49-1 at 11).

On May 21, 2009, Bank United FSB was taken over by the FDIC, and the FDIC subsequently sold the assets of Bank United FSB to BankUnited, N.A. via a Purchase and Assumption Agreement. (Fallmann Aff. Doc. # 167-3 at 4, ¶ 17; Doc. # 57-1; Doc. # 57-3).

On August 30, 2009, the Wanes sent The Loan Corporation a letter purporting to rescind their loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, and Regulation Z, 12 C.F.R. § 226.23. (Doc. # 41-11).  The timing

2

of this letter coincided with a scheduled monthly Mortgage payment increase from $1,213.05 to $3,264.29.   The Wanes carbon copied "Bank United" on the rescission letter.   Id.

 **B.** **The State Court Proceedings**

 On March 19, 2010, the Wanes filed an action to quiet title against The Loan Corporation in state court (case number 10-CA-006301), asserting that the Mortgage was unenforceable because it had been rescinded. (Doc. # 1-5 at 8).   The Wanes named neither Bank United FSB nor BankUnited, N.A. as a defendant in the complaint.[1]   On September 7, 2010, the state court entered a final default judgment quieting title against The Loan Corporation.   BankUnited, N.A. intervened in that case, and on August 5, 2011, Judge William P. Levens held an evidentiary hearing on whether the default judgment against The Loan Corporation should be vacated.   A complete transcript of that hearing is before this Court. (Doc. # 165-1 - Doc. # 165-2).

 At the hearing, Judge Levens heard testimony from Patricia Fallmann, BankUnited, N.A.'s Default Mediation Administrator of the Asset Conservation Division Default

---

[1] On April 19, 2010, BankUnited, N.A. filed a separate action  seeking foreclosure against the Wanes in state court, which is ongoing (case number 29-2010-CA-008594). (Doc. # 165 at 2, n.2).

Administration. (Doc. # 165-1 at 19). Judge Levens found Ms. Fallmann to be a credible witness competent to testify about the business records of BankUnited, N.A. (Doc. # 165-3 at 2).

During the hearing, Mr. Wane submitted that BankUnited, N.A. lacked proof that it was the owner of the Note and Mortgage. (Doc. # 165-1 at 16). The Court found against Mr. Wane on this issue. (Doc. # 165-3 at 2, ¶ (E)).

After the hearing, Judge Levens entered an order containing the following findings, among others, and setting aside the default judgment previously entered against The Loan Corporation:

> (A) The Plaintiffs took out a loan on September 15, 2006 from The Loan Corporation to refinance two then-existing loans from Wells Fargo, which indebtedness was secured by developed real property located at 14614 Canopy Drive, Tampa, Florida 33626.
>
> (B) The same day of that closing, the loan was assigned via an Allonge to Bank United, FSB (the predecessor to Bank United, and a banking entity that was taken over by the FDIC on May 21, 2009, and through a receivership absorbed by the new entity, BankUnited). The subject loan became the property of BankUnited through the actions of the FDIC.
>
> (C) At the exact time when his loan payments were scheduled to escalate from $1,213.05 a month to $3,264.29 a month, Mr. Wane sought to rescind his loan by sending a letter dated August 30, 2009, to The Loan Corporation–even though Mr. Wane had been making loan payments to BankUnited for almost 3 years–at an address unconnected with either BankUnited, FSB or BankUnited.

> . . . .
> (E) There is no evidence that the actual owner and
>     holder of the note and mortgage, BankUnited,
>     ever received the attempted rescission letter.
>     . . . In fact, the credible testimony of Ms.
>     Fallmann was that BankUnited did not learn of
>     either the attempted rescission or the quiet
>     title action until their lawyers found out
>     about it while they were pursuing the separate
>     foreclosure action against Mr. and Mrs. Wane
>     . . . in February 2011.

(Id. at 1-2).

On August 10, 2011, two days after Judge Levens entered his order, the Wanes filed their "Amended Complaint to Quiet Title" against The Loan Corporation, BankUnited, N.A. and the FDIC in state court. (Doc. # 2).  The Wanes appealed Judge Levens' order to Florida's Second District Court of Appeal (Doc. # 165-4), which issued a per curiam affirmance. (Doc. # 165-5).

## C.   **Federal Court Proceedings**

The FDIC removed the Wanes' action to this Court on September 16, 2011. (Doc. # 1). The FDIC reached a settlement with the Wanes at mediation, and the FDIC has been dismissed from this action.  (Doc. # 38).

On March 16, 2012, the Wanes filed the Second Amended Complaint against BankUnited, N.A. and The Loan Corporation. (Doc. # 41).  Therein, the Wanes sought to quiet title based on rescission pursuant to TILA, and in the alternative, sought

to quiet title under state law arguing that their Mortgage is unenforceable, invalid, and void. This Court dismissed the Wanes' rescission claim on April 27, 2012. (Doc. # 46). BankUnited, N.A. filed its answer, affirmative defenses, and counterclaims for breach of note and money lent on May 11, 2012. (Doc. # 49).

The Wanes filed their answer and affirmative defenses to BankUnited, N.A.'s counterclaims on July 23, 2012, listing myriad defenses. (Doc. # 70). The Wanes as well as BankUnited, N.A. filed Motions for Summary Judgment as well as motions to strike. The Court entered an Order granting BankUnited, N.A.'s Motion for Summary Judgment on February 23, 2013. Among other findings, the Court explained:

> BankUnited, N.A. is entitled to summary judgment on its counterclaim for breach of note because it had a valid contract with the Wanes, the Wanes breached the Contract by failing to make payments when due, and BankUnited, N.A. incurred damages as a result. Likewise, BankUnited, N.A. is entitled to summary judgment on its counterclaim for money lent. It cannot be disputed that $400,000.00 was delivered to the Wanes as a loan and that the loan has not been repaid. There are no genuine disputes of material fact pertaining to the satisfaction of each of these elements.

(Doc. # 171 at 27). The Court also determined that the Wanes' affirmative defenses lacked merit. (Id. at 28).

6

The Court noted in the Summary Judgment Order that Defendant, The Loan Corporation, was in default and authorized the Wanes to file a Motion for Default Judgment against The Loan Corporation by March 14, 2013. (<u>Id.</u> at 30).  The Wanes filed a timely Motion for Default Judgment (Doc. # 174), which the Court denied on April 1, 2013. (Doc. # 178).  On April 9, 2013, the Wanes appealed the Court's Summary Judgment Order. (Doc. # 179).

On January 14, 2014, the Eleventh Circuit entered an Order affirming the Court's Summary Judgment Order:

> [T]he district court properly granted BankUnited's motion for summary judgment upon finding that the Wanes breached the terms of the promissory note. . . Ultimately, there is no dispute that the Wanes defaulted on their loan, which was secured by the promissory note.  The district court properly granted summary judgment to BankUnited because the Wanes were liable for failure to fulfill their obligations under the promissory note.

(Doc. # 185 at 13, 17-18).  On April 15, 2014, the Eleventh Circuit issued its mandate. (Doc. # 186).

## II.  **Motion for Entry of Final Judgment**

On May 20, 2014, BankUnited, N.A. filed its Motion for Entry of Final Judgment (Doc. # 187) requesting entry of a final judgment that "BankUnited is entitled to recover from Plaintiffs the principal amount of the Note, plus late charges, costs, escrow advances, and pre-judgment and post

judgment interest for breach of note and money lent" in the amount of $591,084.23 plus "reasonable attorney's fees and costs expended by BankUnited" in the amount of $143,494.66. (Id. at 2-3).

On July 11, 2014, the Court entered an Order granting the Motion for Entry of Judgment in the amount of $591,084.23, and the Clerk entered its Judgment on that same day. (Doc. ## 189, 190). However, the Court determined that the issue of BankUnited, N.A.'s attorney's fees and costs should be decided via separate motion and order. The Court specifically instructed BankUnited, N.A. that any application for attorney's fees and costs must be filed within fourteen days of entry of the Judgment and be "supported by a detailed fee ledger and memorandum of law." (Doc. # 189 at 11). The Court also stated its requirement that BankUnited, N.A. address, inter alia, the factors set forth in Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) and Johnson v. Georgia Highway Exp. Inc., 488 F.2d 714, 719 (5th Cir. 1974). (Id.).

III. **Motion for Attorney's Fees and Costs**

On July 24, 2014, BankUnited, N.A. filed the present timely Motion requesting an attorney's fee award of $89,500.00 as well as costs in the amount of $12,819.66 for a total of

8

$102,319.66.  As rightly pointed out by Mr. Wane, BankUnited, N.A.'s present Motion is completely devoid of the required fee ledger or other supporting documentation of the fees and costs actually incurred in this action.  BankUnited, N.A. also failed to provide analysis of the relevant factors outlined in _Johnson_, 488 F.2d at 717-19, which include (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the degree of skill necessary to serve the client properly; (4) the attorney's inability to accept other employment because he accepted the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of damages involved and the relief or results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the relationship with the client; and (12) awards in similar cases.

Instead, what BankUnited, N.A. has provided is a self-serving and conclusory affidavit of its counsel, Gary Carman, Esq., stating that "the undersigned and members of my firm have expended 470 hours from November 10, 2011, through July 1, 2014." (Doc. # 191 at 4, ¶ 4).  Attorney Carman also provides the following information as to fees:

9

```
    Gary M. Carman        Partner    $400/hour 100 hours
    Melanie Catanese      Paralegal  $100/hour 120 hours
    Giselle J. Maranges   Associate  $150/hour 250 hours
```

(<u>Id.</u>).

And, as to costs, Attorney Carman provides:

```
    Computer Research:              $17.04
    Copies:                         $1,286.00
    Courier Services:               $39.25
    Court Reporter Fees:            $3,302.00
    Express Mail:                   $354.76
    Filing Fees:                    $2,000.00
    Long distance phone charges:    $17.10
    Postage:                        $13.78
    Outside Vendors:                $3,021.65
    Travel Expenses:                $2,768.08
```

(<u>Id.</u>).  The costs allowed by 28 U.S.C. § 1920 are: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and costs of making copies necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court appointed experts and interpreters. BankUnited, N.A. has not provided any justification for allowing costs beyond those enumerated in § 1920, for instance, for "outside vendors" and "travel expenses."

Similar to BankUnited, N.A.'s failure to provide supporting documentation of the attorney's fees requested, BankUnited, N.A. has not bolstered its request for $12,819.66

10

in costs with any analysis or supporting documentation.  Under these circumstances, the Court finds it appropriate to deny the Motion.  However, in an abundance of fairness, the Court will allow BankUnited, N.A. to file an amended application for fees and costs on or before August 22, 2014.  Any amended Motion filed by BankUnited, N.A. must include a memorandum of law and a detailed fee ledger.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant BankUnited, N.A.'s Motion for Attorneys' Fees and Costs (Doc. # 191) is **DENIED WITHOUT PREJUDICE.**

(2)   BankUnited, N.A. has until and including August 22, 2014, to file an amended Motion as specified herein.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of August, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record