```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

AMADOU WANE and MERLANDE WANE,

    Plaintiffs,
v.                     Case No. 8:11-cv-2126-T-33AEP

THE LOAN CORPORATION, ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Amadou Wane and Merlande Wane's Rule 60 Motion for Relief from Judgment (Doc. # 203), filed on July 8, 2015. The Wanes also filed a Motion for Judicial Notice (Doc. # 205) on July 23, 2015. On July 24, 2015, BankUnited, N.A. filed a Response in Opposition to the Rule 60 Motion. (Doc. # 206).[1] On August 10, 2015, with the Court's leave, Amadou Wane filed a Reply to BankUnited's Response. (Doc. # 210). The Court grants the Rule 60 Motion in part as set forth below.

**I. Background**

    **A. The Mortgage and Attempt to Rescind**

Mr. Wane entered into a mortgage loan with The Loan

---

[1] There are two entities with similar names in this case -- BankUnited FSB and BankUnited, N.A. BankUnited FSB was taken over by the FDIC and is no longer a Defendant in this action. At this juncture, the only "BankUnited" Defendant remaining in this action is BankUnited, N.A., which the Court will refer to as "BankUnited."

Corporation on September 15, 2006. (Doc. # 41 at ¶ 4). On the same date, the loan was assigned to BankUnited FSB. "At the exact time when his loan payments were scheduled to escalate from $1,213.05 a month to $3,264.29 a month, Mr. Wane sought to rescind his loan by sending a letter dated August 30, 2009, to The Loan Corporation -- even though Mr. Wane had been making loan payments to BankUnited for almost 3 years -- at an address unconnected with either BankUnited FSB or BankUnited." (Doc. # 44-2 at 1). Mr. Wane's August 30, 2009, rescission letter was predicated upon the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, and Regulation Z, 12 C.F.R. § 226.23. (Doc. # 41-11). The letter indicated, inter alia, that "[t]he initial lender provided invalid disclosure of documents, or failed to make the required material disclosures correctly, including but not limited to the total finance charge, the amount financed, the annual percentage rate, the payment schedule, and the total of payments at the time of the transaction." (Id.).

### B. State Court Proceedings

On March 19, 2010, Plaintiffs filed a Complaint to Quiet Title in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (case no. 10-CA-6301) against The Loan Corporation, on the basis that the mortgage

was invalid because it had been rescinded. (Doc. # 206 at 1). Plaintiffs did not name BankUnited or BankUnited FSB as defendants. (Id.) Without knowledge of the Wanes' March 19, 2010, suit against The Loan Corporation, BankUnited filed a separate action against the Wanes in the same court on April 19, 2010, seeking foreclosure (case no. 29-2010-CA-8594). On September 7, 2010, after The Loan Corporation failed to respond to the Complaint, the state court entered a Final Default Judgment against The Loan Corporation. (Doc. # 206 at 2). Thereafter, on October 26, 2010, the Wanes filed an Answer to BankUnited's foreclosure action in which the Wanes alerted BankUnited to the existence of the quiet title action against The Loan Corporation. (Doc. # 206 at 2).

BankUnited responded by intervening in the quiet title action. On BankUnited's motion, the state court vacated the final default judgment against The Loan Corporation. The state court directed the Wanes to include BankUnited as a defendant in the quiet title action. (Id.). On August 10, 2011, the Wanes filed an Amended Complaint to Quiet Title against The Loan Corporation, BankUnited, and the FDIC.[2]

---

[2] In November 2010, BankUnited FSB was closed by order of the State of Florida Office of Financial Regulation, and the FDIC was appointed as receiver for BankUnited FSB. (Doc. # 1 at ¶ 1). The FDIC accepted the appointment as receiver

3

(Doc. # 1 at ¶ 2; Doc. # 2).[3]  Among other allegations, the Wanes asserted in the Amended Complaint that their mortgage was invalid and unenforceable, had been rescinded, was not properly notarized, and was a cloud upon the title to their property. (Doc. # 2).  The Wanes served the FDIC as a Defendant on August 15, 2011. (Doc. # 1 at ¶ 3).  On September 14, 2011, the clerk of the State Court entered a Clerk's default against the FDIC. (Doc. # 10 at 1).

**C.   Federal Court Proceedings**

On or about September 16, 2011, the FDIC removed the case to this Court. (Doc. # 1).  This Court set aside the Clerk's entry of default as to the FDIC on January 30, 2012. (Doc. # 26).  Thereafter, the Wanes and the FDIC reached a settlement, and the Court dismissed the FDIC on March 12, 2012. (Doc. # 38).

With leave of Court, the Wanes filed their Second Amended Complaint to quiet title against BankUnited and The Loan Corporation. (Doc. # 41).  Therein, the Wanes sought to quiet title based on rescission pursuant to TILA, and in the

---

pursuant to 12 U.S.C. § 1821(c)(3)(A).  Thereafter, Plaintiffs' loan was assigned to BankUnited, N.A.

[3] As noted, Plaintiffs' original Complaint, dated March 19, 2010, sued only The Loan Corporation. (Doc. # 1-5 at 8).

4

alternative, sought to quiet title pursuant to state law arguing that their mortgage was unenforceable and void. On March 30, 2012, BankUnited filed a Motion to dismiss the Second Amended Complaint for lack of jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., as well as for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. # 43). This Court entered an order granting the Motion in part on April 27, 2012. (Doc. # 46). Specifically, the Court dismissed the rescission claim "because the assignment of Plaintiffs' loan from Bank United FSB to the FDIC was involuntary and BankUnited, NA was a subsequent assignee." (Doc. # 46 at 7). The Court explained that, according to TILA, 15 U.S.C. § 1641, a receiver, and a subsequent involuntary assignee are immunized from liability. (Id.). Thereafter, BankUnited filed its Answer to the Wanes' complaint and asserted counterclaims against the Wanes "jointly and severally" for Breach of Note and Money Lent. (Doc. # 49). The case progressed to the summary judgment stage and the Court denied the Wanes' Motion for Summary Judgment on the quiet title claim and granted BankUnited's Motion for Summary Judgment as to breach of note and money lent. (Doc. # 171).

An appeal followed in which the Eleventh Circuit affirmed

5

this Court's dismissal of the Wanes' rescission claim as well as this Court's summary judgment ruling. (Doc. # 185).

Relevant to the Wanes' present motion for relief from judgment, the Eleventh Circuit provided a very detailed discussion of the Wanes' rescission claim. Although the Eleventh Circuit based its decision to affirm on a reason different from that espoused by this Court in its Order dismissing the rescission claim, the Eleventh Circuit nevertheless determined that dismissal of the rescission claim was required. The Eleventh Circuit's discussion of the rescission claim, as set forth in full below, is the law of the case:

> To support their claim to rescind, the Wanes alleged that they were not informed that the "real lender" was BankUnited FSB, that there were improper disclosures of the interest rate, the yield spread premium, the payments schedule, and the processing and administrative fees. They also alleged that they had exercised their right to rescind by mailing a notice of rescission to [The Loan Corporation] and carbon copied BankUnited.
> The allegation that the Wanes were not informed that the real lender was BankUnited FSB did not support a right to rescind. First, it was not a material disclosure under the TILA. . . . Second, the record indicates that the Wanes were apprised of the fact that the mortgage was financed by BankUnited FSB: the Wanes complaint acknowledged that the funding came from BankUnited FSB, and the complaint incorporated the promissory note with the heading of "BankUnited" in bold lettering.
> Neither did the allegations of improper disclosures support the right to rescind. The

6

> allegation that the interest rate was improperly disclosed did not give rise to a right to rescind because the second TILA disclosure form properly disclosed the interest rate. This form was signed by Mr. Wane on the day he executed the note and mortgage. The allegation that the yield spread premium was improperly disclosed is likewise insufficient because it was not a material term under the TILA. But even if it were a material disclosure, both the second GFE form and the HUD-1 form properly disclosed the yield spread premium. The allegation that the payment schedule was improperly disclosed did not support the right to rescind because it was accurately noted on the second TILA disclosure form signed at closing. Finally, the allegation about the processing and administrative fees did not support the right to rescind because these fees were not a material disclosure required under the TILA, and in any event, the record shows that they were properly disclosed on the HUD-1 form.
> Although the allegation that the Wanes had exercised their right to rescind by mailing a notice of rescission was sufficient to contemplate a right to rescind, no allegations in the complaint provided a sufficient factual basis for rescission.

(Doc. # 185 at 8-10).[4]

After the Eleventh Circuit affirmed this Court's disposition of the case, BankUnited moved for the entry of Judgment in its favor, supported by an Affidavit of Indebtedness, and supplied the Court with a proposed judgment. (Doc. # 187). The Court granted the Motion and directed the

---

[4] "As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Pepper v. United States, 562 U.S. 476, 507 (2011).

Clerk to enter Judgment in favor of BankUnited and against Amadou Wane and Merlande Wane in the amount of $591,084.23. (Doc. # 189). The Court instructed BankUnited to file its motion for attorney's fees within 14 days from the Clerk's entry of Judgment. (Id.). The Clerk entered Judgment against the Wanes and in favor of BankUnited on July 11, 2014. (Doc. # 190). BankUnited filed its Motion seeking $89,500.00 in attorney's fees and $12,819.66 in costs on July 24, 2014. (Doc. # 191). The Court initially denied the Motion without prejudice because BankUnited neither provided a fee ledger nor a discussion of the relevant factors taken into consideration in an attorney's fees analysis. (Doc. # 193). However, BankUnited renewed its request for attorney's fees and costs and provided the necessary information and supporting documentation to the Court. (Doc. # 194). On September 15, 2014, the Court granted BankUnited, N.A.'s request for attorney's fees in the amount of $85,165.00 and costs in the amount of $6,588.00. (Doc. # 196). The Wanes appealed (Doc. # 197) and, on June 4, 2015, the Eleventh Circuit affirmed the Court's decision. (Doc. # 202).

On July 9, 2015, the Wanes filed the present Motion seeking relief from the Court's Judgment. Therein, the Wanes advance three arguments: (1) their rescission claim was proper

8

pursuant to the intervening Supreme Court case of <u>Jesinoski v. Countrywide Home Loans, Inc.</u>, 135 S. Ct. 790 (2015); (2) Mrs. Wane did not sign the promissory note and should not have been named on the Court's Judgment in favor of BankUnited; and (3) documentary stamp taxes was required to be paid by BankUnited based upon an increased amount of principal on the promissory note. As discussed below, the Court denies the Motion as to grounds 1 (rescission) and 3 (documentary stamps), and grants the Motion as to ground 2 (Mrs. Wane's signature on promissory note).

## II. **Legal Standard**

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. <u>Ludwig v. Liberty Mut. Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005). The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60. <u>Id.</u> A Rule 59(e) motion must be filed within 28 days after the entry of the judgment. Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b). In the case of the present Motion, Rule 60 applies.

It is within the Court's discretion to grant a motion for reconsideration. <u>Lussier v. Dugger</u>, 904 F.2d 661, 667 (11th

9

Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id.  A motion for reconsideration, therefore, should not be used to present new arguments to the court, see Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997), or to "relitigate old matters." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. Coll. of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Likewise,

Rule 60(b), Fed. R. Civ. P., is available to relieve a party from a final judgment or order for the following reasons:

>    (1)  mistake, inadvertence, surprise, or excusable neglect;
>    (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>    (3)  fraud . . . misrepresentation, or misconduct by an opposing party;
>    (4)  the judgment is void;
>    (5)  the judgment has been satisfied . . .; or
>    (6)  any other reason that justifies relief.

Rule 60(b), Fed. R. Civ. P.

Whether asserted under either Rule 59 or 60, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Ludwig, 2005 U.S. Dist. LEXIS 37718, at *11 (internal citation omitted).

### III. Analysis

#### A. Mrs. Wane is not a Judgment Debtor

Mr. Wane argues that the Court should vacate its Judgment to the extent it names Merlande Wane because she "did not sign the promissory note." (Doc. # 203 at 4). BankUnited concedes that "Mrs. Wane should not be included on the Final Judgment entered in this matter as she did not sign the subject note." (Doc. # 206 at 6). BankUnited candidly admits that it "submitted its Final Judgment for executed it included Mrs. Wane pursuant to a scrivener's error." (Id.).

11

As there is no disagreement that Mrs. Wane should not have been included on the Court's Final Judgment, the Court Amends its Judgment to exclude reference to Mrs. Wane. The Wanes' Motion is accordingly granted on this ground. However, as explained below, the Court denies the Motion as to the other asserted grounds.

**B.   Rescission**

The Wanes ask the Court to revisit the issue of whether the Wanes effectively rescinded their loan on August 30, 2009, based on the Supreme Court's decision in Jesinoski. The Wanes remark that "The Jesinoski[] case is factually identical to the Wanes." (Doc. # 203 at 4).[5] The Court's careful analysis of the Jesinoski case, however, reveals that it is not dispositive of the issue presented.

In Jesinoski, the Supreme Court addressed the issue of whether a borrower may exercise his right of rescission under TILA by "providing written notice to his lender, or whether he

---

[5] The Wanes also request that the Court take judicial notice of the Jesinoski case and Nikooie v. JPMorgan Chase Bank, NA, No. 3D10-3090, 2014 WL 6911148 (Fla. 3d DCA Dec. 10, 2014). The Court recognizes these two decisions, and has discussed both cases herein. However, the Court declines to take judicial notice of the two cases the Wanes have supplied and denies the Motion for Judicial Notice. See Fed. R. Evid. 201.

12

must also file a lawsuit before the 3-year period elapses." 135 S. Ct. at 791. Although the Jesinoskis exercised their right to rescission within the statutory three year period of their loan origination, the district court granted the bank's motion for judgment on the pleadings because the Jesinoskis did not file a lawsuit within such three year period. On appeal, the Eighth Circuit affirmed the district court's decision. The Supreme Court reversed and decreed that written notice of rescission within three years of a loan's origination is all that is required for a borrower to exercise his right to rescind under TILA. Id. at 793.

The Wanes correctly identify the Jesinoski case as dispositive of statute of limitations issues arising under TILA. However, as outlined above, the Eleventh Circuit addressed the merits of the Wanes' rescission claim and determined that the Wanes were not entitled to the remedy of rescission. The Eleventh Circuit did not dispose of the Wanes' rescission claim on limitations grounds. Accordingly, the Jesinoski decision does not constitute an intervening change in the law so as to justify an Order vacating the judgment on the ground that the mortgage was rescinded. The Motion for Relief from Judgment is accordingly denied as to the Wanes' rescission claim.

13

**C. Documentary Stamps**

During the summary judgment proceedings, the Wanes asserted that BankUnited could not enforce the promissory note and mortgage because BankUnited failed to pay the required documentary stamps. (Doc. # 41 at 4). In its summary judgment Order, this Court, referencing the HUD-1 form and other evidence, determined that "Bank United, N.A. has come forward with evidence that it paid the documentary stamps." (Doc. # 171 at 19-20).

As previously explained, the Eleventh Circuit affirmed the Court's entry of summary judgment in favor of BankUnited. It should also be noted that the Eleventh Circuit provided an extremely detailed discussion of documentary stamp taxes and found in favor of BankUnited on that issue. As part of its exhaustive analysis, the Eleventh Circuit remarked:

> Mr. Wane contends that BankUnited's failure to pay documentary stamp taxes on the increased principal amount of $29,322.12 renders the entire note unenforceable under Fla. Stat. § 201.08(1)(b). This statute provides, in relevant part, as follows:
>> The mortgage, trust, deed, or other instrument shall not be enforceable in any court of this state as to any such advance unless and until the tax due thereon upon each advance that may have been made thereunder has been paid.
>
> Florida courts have held that a promissory note secured by a mortgage cannot be enforced where taxes have not been paid on future advances.

14

> Mr. Wane is incorrect, however, in associating the mortgage's negative amortization feature with a future advance authorized by Fla. Stat. § 697.04. A future advance clause is a "contractual term in a security agreement covering additional loaned amounts on present collateral or collateral to be acquired in the future, regardless of whether the secured party is obligated to make the advances." Black's Law Dictionary (9th ed. 2009). Because the unenforceability language in § 201.08(1)(b) only covers the failure to pay taxes on future advances, Mr. Wane's contention that BankUnited has failed to pay the documentary stamp taxes on an increased principal resulting from negative amortization does not create a genuine issue of material fact regarding BankUnited's enforceable interest.

(Doc. # 185 at 15-17)(internal citations omitted).

In the Motion for Relief from Judgment, the Wanes appear to re-hash the same argument regarding unpaid documentary stamp taxes as the Eleventh Circuit rejected in a lengthy and exhaustive discussion. The law of the case doctrine, stare decisis, and common sense militate against even considering the Wanes' ill fated contention as to documentary stamp taxes. Nor does the Wanes' reference to Nikooie warrant a different result. In Nikooie, the subject mortgage contained a Future Advances clause within it in section 3.17. In contrast, the note and mortgage at bar did not have a future advance feature. Instead, as noted by the Eleventh Circuit, the relevant note and mortgage only contained a negative amortization feature. The Motion for Relief from Judgment is

accordingly denied as to this point.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Amadou Wane and Merlande Wane's Rule 60 Motion for Relief from Judgment (Doc. # 203) is **GRANTED IN PART AND DENIED IN PART** to the extent that the Clerk is directed to issue an Amended Judgment removing Merlande Wane as a judgment debtor.

(2) Amadou Wane and Merlande Wane's Motion for Judicial Notice (Doc. # 205) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of August, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

16